LILAH B. BROWN, as Administratrix of the Estate of EUGENE W. BRADLEY, Deceased, Respondent, *v.* GODEFROY MFG. Co. et al., Defendants, and HERSCH CHEMISTS, INC., et al., Appellants.

First Department, May 15, 1951.

*Walter L. Glenney* of counsel (*Glenney, Mathews & Hampton,* attorneys), for Progressive Drug Co., Inc., appellant.

*Olin S. Nye* of counsel (*Reginald V. Spell,* attorney), for Hersch Chemists, Inc., appellant.

*Jonas J. Shapiro* of counsel (*Janet Perlman* with him on the brief; *B. Leo Schwarz,* attorney), for respondent.

*Per Curiam.* In plaintiff's case against defendant Hersch Chemists, Inc., a retailer, it was established solely by reason of the retailer's default in responding to plaintiff's demand for admissions, that the dye herein in question contained a chemical called paraphenylenediamine, a poison that was the competent producing cause of decedent's injuries. Counsel for defendant Progressive Drug Co., Inc., the jobber, against whom the retailer had made a claim over, properly objected that the retailer's default was not binding on the jobber and plaintiff's counsel admitted that plaintiff had " no case " against Progressive.

The issues went to the jury solely on a claim by plaintiff against defendant Hersch and judgment on the jury's verdict with interest was entered in plaintiff's favor against that defendant. Since the action as submitted to the jury was for the recovery of damages for breach of warranty of fitness for use, interest was properly awarded from the date of breach (*Miller* v. *Foltis Fisher Inc.,* 152 Misc. 24 [App. Term. 1st Dept.]; Civ. Prac. Act, § 480).

Thereafter the court as a matter of law directed judgment in favor of Hersch against Progressive in the same amount as plaintiff received against Hersch. The default of the retailer, Hersch, was not binding on the jobber, Progressive, and, accordingly, judgment has been entered in favor of the retailer against the jobber. without any proof as against the jobber of the presence of the dangerous chemical on the basis of which plaintiff had recovery against the retailer.

The judgment should be modified as follows: On the appeal by defendant Progressive Drug Co., Inc., the judgment over against it and in favor of defendant Hersch Chemists, Inc., should be reversed, the issues between the defendants severed from plaintiff's claim against Hersch Chemists, Inc., and a new trial ordered on the cross claim between defendants, with costs to abide the event. On the appeal of defendant Hersch Chemists, Inc., the judgment against it and in favor of plaintiff should be affirmed, with costs to the plaintiff.

GLENNON, J. P., DORE, CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur.

Judgment unanimously modified. On the appeal by defendant Progressive Drug Co., Inc., the judgment over against it and in favor of defendant Hersch Chemists, Inc., reversed, the issues between the defendants severed from plaintiff's claim against Hersch Chemists, Inc. and a new trial ordered on the cross claim between defendants, with costs to abide the event. On the appeal of defendant Hersch Chemists, Inc., the judgment against it and in favor of plaintiff affirmed, with costs to the plaintiff. Settle order on notice.