LILAH B. BROWN, as Administratrix of the Estate of EUGENE W. BRADLEY, Deceased, Plaintiff, *v.* HERSCH CHEMISTS, INC., Appellant; PROGRESSIVE DRUG Co., INC., Respondent, et al., Defendants.

First Department, December 16, 1952.

*Jonas J. Shapiro* of counsel (*B. Leo Schwarz* with him on the brief; *Matthew H. Lawless,* attorney), for appellant.

*Walter L. Glenney* of counsel (*Glenney, Mathews & Hampton,* attorneys), for respondent.

*Per Curiam.* Hersch Chemists, Inc. (hereafter called Hersch) appeals from an order denying its motion for summary judgment against Progressive Drug Co., Inc. (hereafter called Progressive). The controversy is the aftermath of a judgment obtained against Hersch for personal injuries caused by the use of hair dye sold by it to a customer at retail. Hersch had bought this hair dye from Progressive, which is a jobber. Hersch joined Progressive as a third-party defendant and obtained a judgment by way of indemnification, but it was reversed on appeal and the third-party complaint dismissed, due to the following circumstances: The personal injury was found by the jury upon evidence to have been caused by this hair dye, which was alleged to contain a deleterious chemical known as paraphenylenediamine. The physicians who testified to the causal relationship assumed that the dye contained that chemical, and testified that it caused the injury. In lieu of evidence that the hair dye contained this ingredient, a notice to admit was introduced that had been served by the plaintiff upon Hersch pursuant to section 322 of the Civil Practice Act. By failing to answer this notice, Hersch admitted that the product contained paraphenylenediamine. Progressive, although impleaded in the action, was not a party to this admission. For the reason that the record of the trial contained no evidence or admission binding on Progressive that this deleterious chemical was an ingredient in the hair dye, this court reversed the judgment of indemnification against Progressive (*Brown* v. *Godefroy Mfg. Co.,* 278 App. Div. 242), and granted a new trial in the third-party action. The judgment for personal injuries against Hersch amounting to $7,411 was affirmed.

Although a retrial of the issues between Hersch and Progressive has not been had, Hersch has taken the deposition of the manufacturer of the dye on written interrogatories, and has

elicited testimony that it did contain the ingredient known as paraphenylenediamine. The attorney for Progressive stated upon the argument that he does not question that this deposition establishes that fact conclusively, and does not dispute that the hair dye was in the same condition when it was delivered by Progressive to Hersch in which it was when delivered to Progressive by the manufacturer. The ground upon which summary judgment was denied, and which is urged by respondent to sustain the order appealed from, is that Progressive is entitled to a retrial in order to obtain a decision *de novo* concerning whether it was this hair dye containing paraphenylenediamine which caused the personal injuries.

In a third-party action, it is not necessary that the third-party plaintiff shall re-establish against the third-party defendant all of the material facts which have been adjudicated by the judgment in favor of the original plaintiff. Thus, for example, Hersch is not obliged to prove against Progressive the amount of the recovery. Progressive was before the court on the trial of the action, and is bound by whatever facts the judgment established against Hersch, except insofar as such facts were established by evidence that was not binding upon Progressive. The only evidence that was introduced which was not binding on Progressive was the admission by Hersch concerning the ingredients of the dye.

Hersch did not admit that any ingredient of the dye caused the personal injuries for which the action was brought. The jury decided upon independent evidence that this chemical, in the quantity and blend actually used in this hair dye, caused the injury complained of. Progressive is bound by that determination of fact, as much as it is bound by the amount of the recovery. The testimony of the manufacturer, which is now before the court and stands undisputed, namely, that the contents of each package of hair dye which it manufactured was uniform insofar as the chemical content is concerned and that it did contain an ingredient known as paraphenylenediamine, overcomes the infirmity found by this court on the prior appeal, which has thus been cured, and nothing remains except that summary judgment be granted to Hersch against Progressive. The causal connection was established against Progressive upon the trial, subject only to the supplying of that connecting link. This cause of action being upon contract, summary judgment lies under rule 113 of the Rules of Civil Practice.

The contention is without substance that Progressive was precluded from cross-examining the original plaintiff's physician upon the trial, concerning his opinion that paraphenylenediamine caused the injury. His cross-examination by Hersch had been completed at about an hour before the usual time for adjournment on a Friday afternoon. Progressive's lawyer, instead of cross-examining him, requested an adjournment for the reason that the lawyer had a headache. He knew that the doctor would be unable to return upon the following Monday, but did not demand at that time that he be brought back for further examination.

The order appealed from should be reversed, and the motion by Hersch Chemists, Inc., striking out Progressive's answer and for summary judgment for the relief demanded in the cross complaint should be granted, with $20 costs and disbursements of this appeal, and costs of the action and appropriate interest. Settle order.

Dore, J. P., Cohn, Van Voorhis and Breitel, JJ., concur.

Order unanimously reversed and the motion by Hersch Chemists, Inc., granted, with $20 costs and disbursements of this appeal and costs of the action and appropriate interest. Settle order on notice.