John E. Cone, J.
In this consolidated action plaintiffs in Actions Nos. 1, 4 and 5 move for summary judgment. Defendants Wasserman and Lerner cross-move for like relief. The third-party defendants Odgis also move for summary judgment against the third-party plaintiffs in Actions Nos. 1, 4 and 5, predicated upon the insufficiency of the third-party complaints, as well as their lack of merit.
As to the plaintiffs’ and defendants’ cross motions, the court finds that issues of fact have been raised as to whether the accident occurred in the manner described by the plaintiffs or whether it occurred as a result of the alleged defective brakes, which condition allegedly was unknown to the defendants. It has been held that an owner or operator is not liable for the death or injuries of a guest which occurred through a mechanical defect in a car, unless he kneAV of the dangerous condition and failed to warn the guest of such condition and the risk involved (Higgins v. Mason, 255 N. Y. 104 ; Rowley v. Reynolds, 240 App. Div. 751, affd. 265 N. Y. 489 ; Schaeffer v. Caldwell, 273 App. Div. 263). To grant summary judgment it must clearly appear that no material and triable issue of fact is presented, and it should not be granted where there is any doubt as to the exist *60 ence of such issues (West Virginia Pulp & Paper Co. v. Merchants Mut. Ins. Co., 10 A D 2d 451).
Accordingly, these motions and cross motions are denied.
As to the motion of the third-party defendants, it is the court’s view that the motion must be granted as to the operator of the vehicle and denied as to the owner. It has been held in analogous situations that where an operator of a vehicle is charged with active rather than passive negligence in the major complaint, such operator cannot assert a claim over against a third-party defendant for alleged defective repairs to brakes or breaches of warranty in the fitness for use of such vehicle (Lipsman v. Warren, 10 A D 2d 868, motion for leave to appeal denied 10 A D 2d 970 ; Bremen v. Freed, 134 N. Y. S. 2d 898). However, as to the owner of such vehicle, the court in Lipsman v. Warren (supra) denied the motion to dismiss on the theory that even if the owner had no knowledge of the defective brakes, nevertheless, if the driver had such knowledge the owner may be held liable to the plaintiffs for passive negligence by virtue of the provisions of section 59 of the former Vehicle and Traffic Law, and that though the negligence of the driver would be active, the driver’s negligence could not be imputed to the owner so as to preclude recovery over.
Whether the third-party defendants were acting as agents for the original owner of the vehicle and made the representations as to fitness for use of the vehicle, or that the condition came into existence after its use by the present owner, is a matter for the trial court to determine and should not be passed upon on affidavits. Submit order.