Felix J. Aulisi, J.
This action is brought under article 15 of the Eeal Property Law to have the plaintiff declared the owner of two parcels of land located in the Town of Black Brook, Clinton County, New York, and to bar the defendants from asserting ownership of said land. The parcels are part of the Old Military Tract, Township 3, and in this motion for a summary judgment made by the plaintiff we are concerned with the boundary line between Lots 24 and 25 and the south boundary line of said Lot 25.
*58 The plaintiff is the owner of a portion of Lot 24 which adjoins on the west the defendants’ 100-acre parcel at the southwest corner of Lot 25 and the boundary line between these two parcels of land has been the source of much dispute between the plaintiff and the defendants. Finally an action in ejectment was brought by the plaintiff against the defendant Michael Fitzgerald which resulted in a judgment in 1920 declaring a line known as the Hull line to be the westerly boundary of the defendants ’ ownership. The Hull line was substantially to the west of where the plaintiff then claimed and now claims it to be, and the judgment resulted in cutting out of a quadrilateral parcel of about 22 acres from the plaintiff’s claimed ownership in Lot 24. This created or recognized the existence of three boundaries between the lands of plaintiff and the land of the defendant Michael Fitzgerald — a north boundary, a west boundary and a south boundary, instead of the single continuous westerly boundary which would have resulted if the plaintiff had been successful in that action. That judgment which has stood since October 20, 1920, was not appealed from by the plaintiff and in my opinion it specifically indicated that only the westerly boundary of Fitzgerald’s lands and the easterly boundary of the State’s lands was the subject of the adjudication.
Subsequent to the entry of that judgment defendant Michael Fitzgerald conveyed the property to the defendant Joseph ICermit Fitzgerald, reserving a life estate to himself, and the defendants’ title appears to be in that state today.
At various times subsequent to the 1920 judgment and up to the time of the commencement of this action, the defendants occupied and lumbered an area of 14.57 acres adjoining on the south the area in dispute in the earlier action. The additional area was formed by extending southerly the east and west boundaries of the portion of land first in dispute, with the southerly boundary parallel (or nearly so) to the southerly boundary of the parcel first in dispute. For a reason unexplained even at this time, the defendants claimed the southwest corner of the extended area as the true southwest corner of the 100-acre ownership and the southerly boundary of the extended area as the true southerly boundary of such ownership.
The plaintiff now seeks to bar the defendants’ claims to the area affected by the 1920 judgment as well as the aforementioned extension southerly.
It is plaintiff’s contention that the westerly line fixed by the 1920 judgment was based on a wholly mistaken application of the law of boundaries, primarily in that it disregarded existing monuments as well as the boundary lines laid down on the *59 ground by previous surveyors of the township from the time of the original allotment in 1796 until today; and it is true that the defendants have submitted nothing which counters the overwhelming amount of persuasive material on this score, either as it might apply to the merits of the 1920 judgment or as it might apply to the adjoining land to the south.
The plaintiff seeks to avoid the impact of the principle of res judicata on the basis that no third parties stand to be prejudiced by correction of the alleged error and in reliance on two cases (People v. Blanchard, 280 App. Div. 1027, motion for leave to appeal to the Court of Appeals denied 305 N. Y. 931; People v. Payne, 181 App. Div. 899).
In the Blanchard case, the court had — in order to avert the consequence of a plea of res judicata by the plaintiff — permitted the defendant to make a motion to vacate the judgment relied on by plaintiff and actually set that earlier unappealed judgment aside more than 40 years after it had been originally rendered. I am not satisfied, however, that by this decision the court intended to go to the extent sought by plaintiff in this case, because the State’s failure to enforce the earlier judgment .in that action constitutes, in my opinion, a circumstance wholly different from the case at bar, where the 1920 judgment in favor of the defendant has been enforced.
In the Payne case, the court’s statement, quoted in the brief of plaintiff’s counsel, that it had the power to set aside an earlier judgment constitutes obiter dicta because the court’s ruling there went on a ground that made annulment of the earlier judgment unnecessary. Accordingly, I conclude that plaintiff’s application for summary judgment, as to the area affected by the 1920 judgment, must be denied and that defendants are entitled to partial summary judgment with respect thereto.
However, as to the area extended southerly from the area covered by the 1920 judgment and referring specifically to the 14.57-acre parcel described in paragraph 9 of the complaint, I am satisfied that plaintiff has clearly established defendants’ claims to be without merit. Defendants were duly called upon to admit that the southerly boundary contended for by them is actually the western extension of a line known as the Clough line, which is over 22 chains southerly from and very nearly parallel to the southerly line of Lot 25. Neither within the statutory time nor on this motion have the defendants submitted anything to throw any doubt on this fact. It must therefore be deemed to have been admitted by the defendants (Civ. Prac, Act, § 322: Brown v. Hersch Chemists, 281 App. Div. 43, affd. 305 N. Y. 755; New York Tel. Co. v. Ladenheim Fixtures Corp. *60 14 Misc 2d 939). In addition, the plaintiff has presented a persuasive array of maps and other material in support of the version of the location of the true southerly boundary of Lot 25 and therefore of defendants’ ownership as well. On the other hand as already pointed out, defendants have presented no material whatsoever throwing any doubt on the correctness of plaintiff’s contention.
Under the circumstances here set forth, I am constrained to grant partial summary judgment to the plaintiff as to the southerly parcel in dispute and to the defendants as to the northerly parcel.