Michael Catalano, J.
Third-party defendants, Ibhotson-Bitchie, Inc. (“Ibbotson”) and Ford Motor Company (“ Ford ”), separately move for an order, pursuant to CPLB 3211, dismissing the third-party complaint for insufficiency.
Plaintiffs’ major complaint states that on August 7, 1967, at 2:00 p.m. defendant owned and operated a Ford motor vehicle, which left the highway, went through a plate glass window at 332 Kenmore Avenue, Buffalo, New York, striking infant plaintiff, Michael Day (“ Michael ”); and in paragraph 6: “ That the aforementioned collision and the resulting injuries and damages to the infant plaintiff were caused by the negligence in manipulation and operation of the motor vehicle owned and operated by the defendant herein, in that said vehicle was being operated in a negligent, improper and careless manner; and was so improperly managed and handled prior to and at the time of said collision as to cause said collision, and that the defendant herein negligently and improperly manipulated and handled said vehicle and failed to make reasonable and necessary observations, and failed to have said vehicle under control; all in violation of the Vehicle and Traffic Laws of the State of New York.”
Third-party plaintiff and defendant Charles F. Eckel, (“ Eckel ”) alleges, in his third-party complaint: a First Cause of Action, that Ibbotson, a dealer and sales agent for Ford, a manufacturer of Fords, sold a Ford automobile to Eckel on February 14, 1967; that on August 7, 1967 the automobile did injure Michael as aforesaid; that if Eckel should be liable to plaintiffs it will arise because of his passive negligence and the active negligence of Ibbotson and Ford for negligently manufacturing and selling the vehicle in an unsafe and defective condition; that Ibbotson and Ford will be liable over to Eckel therefor; a Second Cause of Action, that Ibbotson negli *663 gently repaired the automobile and Ford negligently manufactured the parts used in such repair, etc.; a Third Cause of Action, that Ibbotson and Ford warranted the automobile was fit and of merchantable quality, on which Eckel relied, and which Ibbotson and Ford breached; wherefore, Eckel demands judgment over against Ibbotson and Ford.
In a third-party action against Ford, it was held that where the driver and owner are separate persons, the driver can he liable only for negligent operation of the automobile, constituting active negligence barring indemnity, but this would not preclude a third-party action by the owner against the one primarily at fault, Ford. (Alfano v. Amchir, 23 A D 2d 659.) As between the creator of the defect, Ford, and the owner, the latter may be found passively negligent and the creator actively negligent. (Ibid.)
In Lee v. Bennett (29 A D 2d 849, 850), the court said: “ The Alfano [23 A D 2d 659] defendant owner’s failure to inspect the brakes was passive (secondary) negligence in the light of the third-party defendant’s primary duty to repair them.”
But here, where the driver and owner are the same person, there can be no separation of the two legal capacities to allow an active tort-feasor to enjoy the right to a third-party claim over against another tort-feasor, active or passive.
No right of indemnity exists between active wrongdoers, one of whom sold a defective new car and the other negligently operated it, to plaintiff’s damage. (Gilbert v. Barouch, 10 A D 2d 984, 985.)
Generally, one who supplies dangerous or defective equipment is responsible for foreseeable and proximate results, and if a user thereof is contributorily negligent, the supplier is also negligent. (Boerio v. Haiss Motor Trucking Co., 7 A D 2d 228, 231.) As Chief Judge Desmond put it: “ where an article is of such a character that when used for the purpose for which it is made it is likely to be a source of danger to several or many people if not properly designed and fashioned, the manufacturer as well as the vendor is liable, for breach of law-implied warranties, to the persons whose use is contemplated.” (Goldberg v. Kollsman Instrument Corp., 12 N Y 2d 432, 436-437. See, also, Halpern v. Jad Constr. Corp. 27 Misc 2d 2d 675, 676.) If the defect is one in design, an action for breach of warranty is proper although the article is a used one. (Rooney v. Healy Co., 20 NY 2d 42,47.)
“ The courts have properly been reluctant to dismiss third-party complaints at the pleading stage, particularly in cases involving the ‘ passive ’ 1 active ’ dichotomy.” (2 Weinstein- *664 Korn-Miller, N. Y. Prac., par. 1010.02.) Nevertheless, when substantive law is clear, adjective law affecting pleadings, practice and evidence should yield.
Where allegations in the complaint are drawn so that proof might be received to establish passive negligence of one defendant and active negligence of another defendant, there is “ a possibility that the trial of the main action will establish that an action over exists ”, and in such case a cross claim should not be dismissed. (Emphasis supplied.) (Williams v. Twin Ponds Golf Assoc., 23 A D 2d 956, 957, [4th dept.] Followed: Beeman v. New York Cent. R. R. Co., 23 A D 2d 965.) This ‘ ‘ possibility ’ ’ rule of pleading should not be extended to ignore the clear mandate of a rule of substantive law, when the application of the former would avoid the latter.
In a third-party action, the third-party plaintiff need not re-establish against the third-party defendant all of the material facts which have been adjudicated by the judgment in favor of the original plaintiff (Brown v. Hersch Chemists, 281 App. Div. 43, affd. 305 N. Y. 755) but, this is merely a rule of evidenpe, helpful at the trial, not controlling on a motion to dismiss.
An operator of a vehicle charged with active negligence in the major complaint may not claim over against a third-party defendant for breaches of warranty of fitness for use and merchantable quality of that vehicle. (Cohen v. Wasserman, 28 Misc 2d 58, 60. See, also, 3 Frumer and Friedman, Products Liability, § 44.05; 1 Hursh, American Law of Products Liability, § 3:16.)
No express contract of indemnification covering this risk of injury to plaintiffs, is alleged in the third-party complaint.
Therefore, the third-party complaint is insufficient.
Motions granted, without costs.