■ MARY R. MACK et al., Appellants, v ARNOLD GREGORY MEMORIAL HOSPITAL et al., Appellants, and UNIVERSITY OF ROCHESTER (ASSOCIATED HOSPITALS PROGRAM IN INTERNAL MEDICINE), Respondent. — Order and judgment unanimously reversed, with costs, and motion denied. Memorandum: Defendant University of Rochester's motion for summary judgment dismissing the complaint should have been denied. In support of its motion the University of Rochester submitted its unverified answer and two affidavits. The affidavit of Dr. Napodano was based, not on personal knowledge, but on his apparent perusal of records of the University of Rochester which were not attached, as a result of which he submitted conclusory statements with respect to the legal relationship existing between the University of Rochester and one of the named defendants, William Craig. In order to prevail on a motion for summary judgment, a defendant must tender evidentiary proof in admissible form sufficient to warrant the court in directing judgment in his behalf (*Zuckerman v City of New York*, 49 NY2d 557; CPLR 3212, subd [b]). The Napodano affidavit clearly fails that test. The other affidavit submitted was that of the University of Rochester's attorney, who stated that he had served defendant Craig with a notice to admit, that there had been no reply to the matters set forth therein, and therefore that it must be deemed admitted that Craig was not acting as a "representative, agent servant and/or employee of the University of Rochester." Not only is it impermissible to hold that one defendant's failure to respond to the notice to admit of another defendant is binding on a plaintiff (see *Brown v Godefroy Mfg. Co.*, 278 App Div 242), but the facts which defendant seeks to establish thereby constitute the ultimate facts to be determined and thus must be resolved on the basis of the evidence (*Felice v St. Agnes Hosp.*, 65 AD2d 388, 395-396). We note that where, as here, the facts are exclusively within the knowledge and control of the movant, and may be revealed through pretrial disclosure, summary judgment should be denied (*Torres v County of Erie*, 64 AD2d 1020). (Appeals from order and judgment of Supreme Court, Monroe County, Kennedy, J. — summary judgment.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.