ROBERT KORFMAN et al., Respondents, v PARKWAY VILLAGE ASSOCIATES et al., Appellants. FIRE DEPARTMENT OF THE CITY OF NEW YORK, Third-Party Defendant.

The male plaintiff, a fire fighter employed by the Fire Department of the City of New York, was injured when, in the course of fighting a fire in a garden apartment owned and operated by defendants, the floor beneath him collapsed and he fell into the fire below.

He and his wife subsequently commenced the instant lawsuit, asserting three causes of action. The first and second causes of action, premised upon a common-law negligence theory and the prescriptions of General Municipal Law § 205-a respectively, sought the recovery of damages, *inter alia,* for the "serious and permanent" injuries sustained by the plaintiff husband while fighting the subject fire. The third cause of action encompassed a claim by the plaintiff wife for loss of consortium, etc., as a result of her husband's injury. The wife's claim, though ambiguously worded, was apparently premised upon a theory of common-law negligence *and* the prescriptions of General Municipal Law § 205-a.

Issue was joined, and defendants subsequently moved for partial summary judgment dismissing the first and third causes of action "upon the ground that [they] * * * have no merit and are insufficient at law". Special Term denied the motion in its entirety, resulting in the instant appeal.

Viewing the record in the light most favorable to the plaintiffs, the parties opposing the motion for partial summary judgment (*Waldron v Wild,* 96 AD2d 190), we conclude that plaintiffs' allegations of negligence present questions of fact (*see, McGee v Adams Paper & Twine Co.,* 26 AD2d 186, *affd* 20 NY2d 921), the resolution of which necessitates the completion of discovery proceedings or trial (*see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065; *Mack v Gregory Mem. Hosp.,* 90 AD2d 969; *Rueda v Daval Variety,* 85 AD2d 660).

However, the third cause of action must be dismissed to the extent it purports to assert a claim for loss of consortium, etc., pursuant to General Municipal Law § 205-a. Said section, which affords an "[a]dditional right of action to certain injured or representatives of certain deceased firemen" as prescribed therein, does not authorize recovery for loss of consortium, etc., by the spouse of a fire fighter injured in the line of duty. Any change in the scope of the statute must be effected by the Legislature, not the courts (*cf. Liff v Schildkrout,* 49 NY2d 622). O'Connor, J. P., Weinstein, Brown and Kunzeman, JJ., concur.