Frank H. Coyne, J.
This action was brought against the defendant retailer to recover damages for personal injuries sustained by a former infant resulting from a breach of warranty in the sale of a six-pack of Schweppes Quinine Water. The retailer brought a third-party action against the defendant distributor. The jury returned a verdict of $20,000 against the retailer on the former infant’s cause of action for pain and suffering and in favor of her father against said defendant on his cause of action for medical expenses and loss of services. The *671 jury also returned a verdict in favor of the retailer, the Great Atlantic & Pacific Tea Company, Inc., on its third-party complaint against the distributor, O’Neil Distributing Co., on both causes of action.
Each defendant now moves to modify the judgment entered on the verdicts by deleting therefrom the sums of $5,152.98 and $497.86 allowed by the County Clerk as of right as interest on the respective verdicts.
The motions pose for decision the question as to whether interest is recoverable as of right in a contract-related action under CPLB, 5001, subd. (a) from the time of the injury to verdict.
It has long been the established rule that in all personal injury actions, whether resulting from intentional tort or not, the plaintiff has not been entitled in any circumstance to recover interest on the damages assessed. (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5001.07; Dowling v. Stephan, 206 Misc. 518 ; also, see, dictum in De Long Corp. v. Morrison-Knudsen Co., 20 A D 2d 104, affd. 14 N Y 2d 346.)
In commenting upon the problem of allowing interest on claims arising out of personal injury, the Law Bevision Commission in its 1950 Beport (p. 108) stated: “ The allowance or disallowance of interest in personal injury actions involves considerations totally different from those governing the question of interest in other tort actions. In personal injury actions ‘ the damages are continuing and may even reach beyond the time of trial. ’ ” See, also, the pertinent quotation in this report from Cochran v. City of Boston (211 Mass. 171, 173).
While the CPLB eliminated some of the unrealistic distinctions existing in prior decisions relating to the propriety of awarding interest to verdict in certain types of action, the established rule barring such an award in personal injury actions has survived. This is so irrespective of the form of action pursued — contract-related as in the present instance — or otherwise. (Cf. Practice Commentary and legislative studies and reports under CPLB 5001; McKinney’s Annotated Civil Practice Law and Bules, vol. 7B, pp. 524-528.) Although there is an expression by the authors Weinstein-Korn-Miller of the N. Y. Civ. Prac., that ' ‘ it is not safe to assume that a plaintiff in a personal injury action will never be able to secure interest to verdict, report or decision ”, such departure from the traditional rule must await a holding by the Court of Appeals or legislative action. The motions of the respective defendants are granted with appropriate direction to the County Clerk of Westchester.