William Kapelman, J.
This is an application by an order to show cause for an order vacating a judgment entered upon a *522 verdict by a jury in favor of the plaintiff in the sum of $1,000, particularly with reference to the interest which was allowed thereon from the date of the occurrence. Action was brought to recover damages for personal injuries based on two theories, negligence and breach of implied warranty of fitness for use in the service of a tuna fish salad containing particles of glass. Upon trial, the cause of action for negligence was withdrawn, and the jury was given the case solely upon the cause of action for breach of contract of implied fitness for use. In the court’s charge, no mention was made of interest to be computed by the jury if they found for the plaintiff. There is no dispute as to the date of occurrence and the court allowed interest upon the verdict from October 17, 1958 which is incorporated in the “ Judgment on Verdict ”. The defendant’s motion to set aside the verdict as contrary to law, and against the weight of evidence, including excessiveness, was denied in all respects by order dated March 22, 1965. Such decision is adhered to now.
The present motion to strike the granting of interest from the judgment is based essentially upon the fact that this is a personal injury case. As a general proposition, there can be no question that interest has never been recoverable in personal injury actions, and still is not. (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5001.07; McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, p. 525, subd. [a].) Where such an action resulted from a tort, intentional or not, interest was denied (De Long Corp. v. Morrison-Knudsen Co., 20 A D 2d 104, 107).
This action, however, is based upon a breach of contract of implied warranty and while the court notes that CPLR 5001 omits the phrase ‘ ‘ express or implied ’ ’ found in section 480 of the Civil Practice Act (“ In any action wherein any sum of money shall be awarded by verdict * * * based upon breach of performance of a contract, express or implied * * * interest shall be recovered ”), such omission should not be construed in limitation of actions where interest may be recovered, but rather to the contrary. The words of limitation as to the types of the contract, “ express or implied ” are now withdrawn and interest is allowed in all such contract cases. The Practice Commentary by Prof. David D. Siegel in the section dealing with Legislative Studies and Reports, as to CPLR 5001 (subd. [a]) (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, p. 526 ante states: “ The provision for contract actions is a simplification of the second sentence of section 480 of the civil practice act with no change in meaning intended”, summarizing the Third Report to the Legislature as to this matter. (Third *523 Preliminary Report of Advisory Comm., N. Y. Legis. Doc., 1959, No. 17.)
Moreover, the legislative intent in enacting the CPLR has boon stated as one of liberal construction (CPLR 104). Had the Legislature intended to eliminate the award of interest in all types of actions where damages are sought for personal injuries, such purpose could easily have been expressed.
The court concedes the difficulty inherent in the logic that interest should be allowed in personal injury actions arising out of broach of warranty — though not out of tort. Yet there are indicia that this is precisely what the Legislature intended. The Statute of Limitations in breach of warranty begins to run as of the date of sale, not as of the injury as in tort actions. Therefore if our purpose is to compensate this injured party fully, similarly he should have interest from the date of sale.
The cases cited by the defendant are public carrier cases and have to do with the Statute of Limitations. The Appellate Term of the Second Department denied the award of interest in a breach of contract arising out of an assault upon a passenger but its citations are not of authority on the same issue.
In any event in an action for breach of warranty, this court is constrained to follow the Appellate Term and the Appellate Division of this Department, in cases which are on all fours (Miller v. Foltis Fisher, Inc., 152 Misc. 24; Brown v. Godefroy Mfg. Co., 278 App. Div. 242), legislative intent in the enactment of the CPLR not having clearly been proven to the contrary. By reason of the foregoing, judgment heretofore entered is upheld and motion is denied. Defendant shall have 10 days’ stay of execution and 30 days to make a case from the entry of this order.