■ ALVIS B. GILLESPIE et al., Appellants, v. GREAT ATLANTIC & PACIFIC TEA COMPANY, Defendant-Respondent and Third-Party Plaintiff. GEORGE M. O'NEIL, JR., et al., Third-Party Defendants-Respondents.— Order of the Supreme Court, Westchester County, dated December 11, 1964, affirmed, without costs. Appeal from judgment dated November 10, 1964 has been withdrawn. In our opinion, preverdict interest is not allowable on a verdict for personal injuries, even though the complaint was couched in the form of an action for damages for breach of an implied warranty of fitness for use (*West* v. *L. J. F. Corp.*, 207 N. Y. S. 2d 715; see, also, CPLR 5001, subd. [a]; McKinney's Cons. Laws of N. Y., Book 7B, CPLR 5001 and notes thereto; 1950 Report of N. Y. Law Rev. Comm., pp. 108–109; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5001.07; *De Long Corp.* v. *Morrison-Knudsen Co.*, 20 A D 2d 104, 108–109, affd. 14 N Y 2d 346). Insofar as *Miller* v. *Foltis Fisher, Inc.* (152 Misc. 24); *Brown* v. *Godefroy Mfg. Co.* (278 App. Div. 242); *Gellman* v. *Hotel Corp. of America* (46 Misc 2d 521) and Weinstein-Korn-Miller (*supra*) hold or indicate to the contrary, we are not inclined to follow them. Ughetta, Acting P. J., Rabin, Hopkins and Benjamin, JJ., concur; Brennan, J., not voting. [44 Misc 2d 670.]

■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property for Construction of Clove Lakes Expressway, Section I, in the Borough of Richmond. EMILIE KELLER et al., Appellants.— Final decree of the Supreme Court, Richmond County, dated December 14, 1962, modified, on the law and the facts, by increasing the amount of the award to appellants for consequential damages from $2,500 to $7,412 and of the total award to them from $5,500 to $10,412. As so modified, decree affirmed insofar as appealed from, with costs to appellants. In our opinion, the amount of the award to appellants for consequential damages in this condemnation proceeding was against the weight of the evidence. Appellants' proof showed that 5,400 cubic yards of fill were necessary to prevent the flooding of their parcel, of which sum 3,400 cubic yards of fill were in excess of the amount of fill which would have been required to elevate the parcel's grade in the absence of the flooding. Against this proof, respondent offered only the testimony of a real estate expert who was not shown to have had any knowledge of filling operations, who had not seen the parcel in its flooded condition and who admitted that he was not prepared to state the amount of consequential damages attributable to the flooding. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ In the Matter of the Estate of ERNEST L. KAHN, Deceased. MARTHA B. KAHN, Appellant; DOROTHY KAHN, Respondent.— Decree of the Surrogate's Court, Kings County, dated June 15, 1965, affirmed insofar as appealed from, with costs, payable by appellant personally to the estate (*Cooke* v. *Cooke*, 2 A D 2d 128). Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ In the Matter of MARY E. MURDOCK, Respondent-Appellant, v. CHARLES L. SETTEMBRINI, Appellant-Respondent.— Order of the Family Court, Westchester County, dated June 30, 1966, affirmed insofar as appealed from, without costs. No opinion. Appeal from purported order of said court dated August 27, 1965 dismissed, without costs. No such order appears in the record; no appeal lies from a decision; and appellant Settembrini appears to have abandoned this part of his appeal. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.