■ JUNE RAMAN, as Administratrix of the Estate of EDWARD RAMAN, Deceased, Respondent-Appellant, v. CARBORUNDUM COMPANY, Appellant-Respondent.— Appeal by defendant from a judgment of the Supreme Court, Kings County, entered December 14, 1967 upon a jury verdict in plaintiff's favor in the sum of $90,000; and cross appeal by plaintiff from so much of the same judgment as awarded interest on the verdict only from the date thereof to the date of entry of judgment. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event, unless, within 30 days after entry of the order hereon, plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in her favor from $90,000 to $50,000, and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and modified, is affirmed, without costs. Plaintiff's intestate, 32 years of age at the time of the accident, lost the sight of an eye as the result of being struck by a piece of a grinding wheel which burst while he was testing the grinder after having made repairs thereto. He died about eight years thereafter, and prior to the trial, from causes unconnected with the accident. The jury, under the trial court's charge, found in effect that defendant had breached its implied warranty of fitness for use and that the decedent had not misused the grinding wheel. The record presented a factual dispute as to those issues and in our opinion the jury's

determination in plaintiff's favor was supported by ample proof. We also find no prejudicial errors by the trial court in its rulings on the admission of evidence and in the charge. However, we are also of the opinion that the verdict was excessive to the extent indicated herein, particularly since the damages must be limited to those occurring before the decedent's death (cf. Restatement, Torts, § 926). Although plaintiff's recovery was based upon the breach of an implied warranty of fitness for use, the action was to recover damages for personal injuries and, therefore, preverdict interest is not allowable (*Gillespie* v. *Great Atlantic & Pacific Tea Co.*, 26 A D 2d 953, mod. in another respect 21 N Y 2d 823). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.