■ Margaret Hyatt, Respondent v. Pepsi-Cola Albany Bottling Co., Inc., et al., Appellants.— *Per Curiam.* Appeals by defendants from a judgment of the Supreme Court entered upon a verdict in favor of plaintiff in an action for damages for breach of implied warranty of fitness for use. This action was brought by respondent to recover for personal injuries which she sustained when she " observed a whole dead mouse " in a bottle of Pepsi-Cola which she was drinking. The sole issues raised on this appeal relate to excessiveness of the verdict and the imposition of interest from the date of the incident. The verdict of $20,000 for the personal injuries for respondent was liberal but not so large as to be shocking and thus legally excessive. Respondent suffered an intestinal disorder for over a year, involving vomiting, nausea, stomach cramps, weakness, dizziness, nervousness and headaches. Lack of appetite resulted in a weight loss of almost 100 pounds and required constant medication. A rash appeared on her arms, face and neck, and some loss of hair occurred. She was hospitalized for a period of two weeks and required medical treatment for over a year. The issue of damages is factual and thus is essentially a jury determination. It is only where it can be said that a verdict is clearly excessive that interference with it is warranted. On the record, the jury's determination must be upheld. Respondent concedes that the interest upon the verdict was improperly computed. Since this is a breach of warranty

action, respondent was entitled to interest only from the date of the verdict and not from the date of the injury (*Gillespie* v. *Great Atlantic & Pacific Tea Co.*, 21 N Y 2d 823). The interest should be reduced to $39.96. Judgment modified, on the law, so as to reduce the interest to $39.96, and, as so modified, affirmed, with costs to respondent. Gibson, P. J., Reynolds, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum *Per Curiam*.