(May 2, 1978)

■ MARVIN COHEN et al., Respondents, et al., Plaintiffs, v JOSEPH LIZZA et al., Appellants.—Judgment of the Supreme Court, New York County, entered June 24, 1977, insofar as that judgment awarded damages to plaintiffs Marvin Cohen, Richard Kulman and Alan Becker, unanimously modified, on the law and on the facts, without costs or disbursements, to deduct $947 from the verdict in favor of Kulman, set aside the verdict in favor of Becker, grant a new trial as to him as to issue of damages only, and otherwise affirm the judgment and sever accordingly. At trial, defendants admitted liability and consented to a directed verdict against them on the issue of negligence. Defendants concede there is no issue as to the right of plaintiffs Cohen and Becker to bring this third-party action as an exception to the no-fault statute. They dispute such right as to plaintiff Kulman. With respect to plaintiff Cohen: We find no error in the verdict in his favor nor do we find it excessive. (*Hyatt v Pepsi-Cola Albany Bottling Co.,* 32 AD2d 574.) With respect to plaintiff Kulman: We find that the evidence of injury to his right leg and thigh and his limp were sufficient to create a jury question as to whether these injuries were of such serious nature as to produce the claimed "significant disfigurement * * * or permanent loss of use of a body organ, member, function, or system" (Insurance Law, former § 671, subd 4, par [a]), and whether such injuries were causally related to the occurrence. The verdict of the jury in his favor should not be disturbed (*Hyatt v Pepsi-Cola Albany Bottling Co., supra),* except that the amount of $947 representing "economic loss" should be deducted therefrom. There is no right, as counsel for plaintiffs concede, to recover twice for such loss. With respect to plaintiff Becker: We find that the award in his favor may have been justified because of the extent of his injuries, but this issue is clouded by the fact that the trial court permitted testimony by his physician that "there was a substantial possibility" he would develop the malady known as "causalgia". It was acknowledged that he was not suffering from "causalgia" at the time and any references to that malady and its concomitant expenses were purely speculative (*McGrath v Irving,* 24 AD2d 236; *Griswold v New York Cent. & Hudson Riv. R. R. Co.,* 115 NY 61, 64; *Strohm v New York, Lake Erie & Western R. R. Co.,* 96 NY 305). The extended testimony on the subject of "causalgia" may very well have influenced the comparatively large verdict returned in his favor. Except as hereinabove determined, we conclude that the alleged errors ascribed to the trial court by defendants

were not pertinent to the resolution of the issues or are without merit. Concur—Murphy, P. J., Birns, Silverman, Evans and Lynch, JJ.