OPINION OF THE COURT
Michael Wollin, J.
This is a motion for an order directing that there be added to the verdict the sum of $13,892.85 as interest, $5,000 as costs and disbursements, $4,500 as out-of-pocket expenses, $300 legal fees of witnesses, expenses of securing copies of opinions and charges of the Judges, reasonable expenses of taking and making transcripts of the testimony at examinations before trial and other reasonable and necessary expenses as are taxable by express provisions of law or by the order of this court.
The plaintiff Elliot Loeb (plaintiff) was acquitted of criminal trespass allegedly committed on February 18, 1975 and instituted a civil suit for false arrest and malicious prosecution against the defendants Carl Teitelbaum, also known as Carl Baum, and Vanguard Diversified, Inc. (defendants).
*1040 After trial, before former Supreme Court Justice Murray T. Feiden, a verdict was rendered on September 20, 1978 in favor of the plaintiff in the amount of $150,000 for compensatory damages and $200,000 for punitive damages.
The defendants moved to set aside the verdict. The trial court ordered a new trial unless the plaintiff stipulated to accept $50,000 as compensatory damages and $25,000 as punitive damages. The plaintiff appealed to the Appellate Division which further reduced the award to $7,000 for compensatory damages and $10,000 for punitive damages and upon his refusal of acceptance remanded for a new trial on the issue of damages.
Upon retrial before this court, the jury in answering the written interrogatories found in favor of the plaintiff in the sum of $10,000 as loss of earnings, $20,000 for compensatory damages and $10,000 for punitive damages.
INTEREST
This case was referred to the Civil Court for trial pursuant to CPLR 325 (subd [d]) which states as follows: “(d) Without consent to court of limited jurisdiction. The appellate division, if it determines that the calendar conditions in a lower court so permit, may by rule provide that a court in which an action is pending may, in its discretion, remove such action without consent to such lower court where it appears that the amount of damages sustained may be less than demanded, and the lower court would have had jurisdiction but for the amount of damages demanded. If the action is so removed, then the verdict or judgment shall be subject to the limitation of monetary jurisdiction of the court in which the action was originally commenced and shall be lawful to the extent of the amount demanded within such limitation. A waiver of jury trial in the first court is inoperative after the removal.”
Unless the order of remand by the Supreme Court directed otherwise the court is bound by the New York City Civil Court Act (CCA). An exception exists when the CCA *1041 is silent as to interest, costs and disbursements and then the CPLR and decisional law applies.
Since the CCA fails to fix the interest on the verdict, the CPLR controls.
CPLR 5001 delineates the effective dates of “Interest to verdict, report or decision”. CPLR 5001 (subd [b]) states as follows: “(b) Date from which computed. Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.”
The court finds that CPLR 5001 (subd [b]) is applicable to the decision of $10,000 for loss of earnings from February 18, 1975 up to and including May 12, 1975. The fixed interest shall be computed from April 1, 1975 as a single reasonable intermediate date to be added to the decision. (Flamm v Noble, 296 NY 262.)
Pursuant to CPLR 5004, the rate of interest is 6%, and effective June 25, 1981 the rate of interest is 9%.
Decisional law compels awarding of interest as of the date of the verdict in compensatory and punitive suits. In Gillespie v Great Atlantic & Pacific Tea Co. (26 AD2d 953), the court stated that: “preverdict interest is not allowable on a verdict for personal injuries, even though the complaint was couched in the form of an action for damages for breach of an implied warranty of fitness for use (* * * DeLong Corp. v. Morrison-Knudsen Co., 20 A D 2d 104, 108-109, affd. 14 N Y 2d 346).”
It is not the theory of the claim that controls but whether the claim was the result of a financial or property loss, liquidated or not, intentional or otherwise that determines the date of fixation of interest. (Flamm v Noble, 296 NY 262, supra.)
Accordingly, this court declines to award preverdict interest on the jury awards for compensatory and punitive damages.
*1042 COSTS, FEES, AND DISBURSEMENTS
The clerk shall allow fees for the examination before trial to be entered upon proof up to and not exceeding $250 (CPLR 8301, subd [a], par 9).
Section 1904 of the CCA determines costs and subdivision (a) states as follows: “Limitation on costs. Except as provided in subdivisions (b) and (c), the costs provided for in this act shall in no event exceed $150.”
CPLR 8104 is supportive and states in part: “Where an action is removed, costs in the action shall be awarded as if it had been instituted in the court to which it is removed, unless the order of removal otherwise provides.”
The plaintiff as the successful party is awarded $150 costs.
CPLR article 80 and/or section 1907 of the CCA directs taxation of fees paid to the clerk of the court, and section 1915 of the CCA fixes the Sheriff or Marshal fee at $15 as prescribed by CPLR 8011 and 8011-a, if actually disbursed.
The fee paid to a subpoenaed witness, expert or otherwise, is restricted to the amount fixed at $2 in New York City. (CPLR 8001; CCA, § 1908.)
In Hempstead Bank v Ryan (42 AD2d 779) the court stated: “It has long been the practice not to allow taxation as a ‘necessary disbursement’ (see CPLR 8301, subd. [a]) amounts paid to witnesses who testify upon a trial as experts in excess of the statutorily authorized amounts which presently are, under CPLR 8001, (subd. [a]), $2 for each day’s attendance and 8 cents per mile as travel expenses when the travel was not wholly within a city (Mark v. City of Buffalo, 87 N. Y. 184)”. (See, also, Cooper v Dubow, 41 AD2d 843.)
The long decisional history forecloses any other determination.
There is no allowance for securing copies of opinions and charges of the judgment. (Schurre v Borden, 242 App Div 802.)
The disbursements permitted pursuant to CPLR 8301 and section 1908 of the CCA shall be allowed upon authentication of expenditures supported by affidavit.
*1043 Submit bill of costs on five days’ notice for joint appearance before the judgment clerk.
If the taxation of the interest, costs and disbursements is disputed it will be presented to the court for resolution.