OPINION OF THE COURT
Alan J. Saks, J.
Motion for summary judgment in lieu of complaint, based on a series of six promissory notes, denied with leave to renew. The affidavit of service shows personal service on the corporate defendant in Ohio. However, nothing in the affidavit in support of the motion or in the memorandum of law states either that defendant is doing business in New York (the requirement for traditional long-arm jurisdiction under CPLR 301) or that the. cause of action is in some manner factually related to New York (the requirement for single-act long-arm jurisdiction under CPLR 302). There is an allegation, upon information and belief, that defendant is an Ohio corporation that is authorized to conduct business in this State and has its principal office in New York County. This is insufficient to show that defendant is doing business in New York, especially since the Manhattan telephone directory contains no listing for defendant.
Although there are no opposing papers the court may not grant judgment absent at least a minimal showing of jurisdiction. (Query, if defendant is authorized to do busi *163 ness and has its principal office here, why was service made in Ohio when the Secretary of State or a managing agent could have been served here?)
If this motion is renewed and the movant chooses to serve the motion papers in Ohio, it is hereby given leave to serve them by ordinary mail, on condition that the return date be at least 30 days from the date of mailing.
One further item deserves discussion. In five of the six notes, the space for insertion of the rate of interest is left blank. Movant seeks “statutory” interest of 9% per annum.
Prior to chapter 258 of the Laws of 1981, the rate of interest both on claims and judgments was 6%, since CPLR 5004 then provided: “interest shall be at the rate of six per centum per annum, except where otherwise provided by statute.” The 1981 amendment substituted “nine” for “six”. If one were simply to read CPLR 5004 as codified in a compendium of statutes, e.g., CLS or McKinney’s, it would appear prima facie that there could be no doubt that it covers claims as well as judgments. However, resort to the Session Laws adds a wrinkle. The title of the 1981 bill stated that its purpose was to amend the CPLR “in relation to the rate of interest on judgments”. Yet, the effective date section of the bill (§ 2) provides, in pertinent part: “In actions in which interest is to be computed from a date prior to such effective date, interest shall be computed at the rate of six per centum per annum until such date [June 25, 1981] and nine per centum per annum thereafter.”
The quoted words seem more appropriate to an omnibus construction than one limited to judgments. Why else would the Legislature say, “In actions” rather than, “On judgments”?
Further aid to construction may be found in the memorandum of the sponsor, Assemblyman Ralph Goldstein. (NY Legis Ann, 1981, p 147.) He said unequivocally that the bill’s purpose was “to increase the rate of interest payable upon claims, verdicts and judgments”. He went on to state that permitting the rate to remain at 6% would encourage potential judgment debtors to engage in dilatory litigation tactics, while they reap a higher market rate on their own investments.
*164 How has the enactment been read by others? Professor Siegel’s 1981 Practice Commentary (McKinney’s Cons Laws of NY, Book 7B, CPLR 5004,1964-1982 Supp Pamph, p 339) states that the act “raised the interest rate on litigated obligations”. (Emphasis supplied.) However, he does not elaborate the basis for that conclusion and his commentary does not indicate awareness of Assemblyman Goldstein’s memorandum. Indeed, unless he had access to the “bill jacket”, it does not seem likely that he would have known of the memorandum, since the 1981 Legislative Annual was not then available.
The court has found no case that construes CPLR 5004 as applicable only to judgments. In Loeb v Baum (112 Misc 2d 1039), a CPLR 325 (subd [d]) transfer for trial of a Supreme Court action to Civil Court, the Honorable Michael Wollin assumed without elaboration that the new rate of 9% applies from the accrual of the cause of action. Woodland Nursing Home v Blum (87 AD2d 768) could be read in accord. There, the judgment was entered October 5, 1981. The question was what the rate of interest should be from June 25, 1981 to October 5, 1981. The First Department did limit that rate to 6%, but solely on the ground that CPLR 5004 was inapplicable to claims against the State, as to which section 16 of the State Finance Law set a rate of 6%. A dictum of Fourth Department in Two Clinton Sq. Corp. v Computerized Recovery Systems (84 AD2d 911) states that the 1981 amendment applies to claims, verdicts and judgments.
Furthermore, if CPLR 5004 were construed as not raising the rate to 9% as of June 25, 1981 but allowing it to remain at 6%, a serious question might be raised as to whether the latter rate is so low as to be unconstitutionally confiscatory. Compare Matter of South Bronx Neighborhood Dev. Plan (110 Misc 2d 571 [Cotton, J.]), holding unconstitutionally low a 6% prejudgment interest rate in condemnation proceedings.
This court is in accord with decisions holding the 1981 amendment raises the rate of interest to 9% on claims, verdicts and judgments. While it is true that a bill’s title may be resorted to for the purpose of clarifying doubtful wording in the bill’s body (McKinney’s Cons Laws of NY, *165 Book 1, Statutes, §§ 13, 123), where the body of the bill is unambiguous a contrary expression of intention may not be taken as a limitation of the bill. The title does not become part of the enactment. The court can only conclude that the wording of the title was a semantic oversight. The bill does indeed relate to the rate of interest on judgments but it relates to other things as well. The title of a general bill need not summarize everything the bill does. Indeed, there is not even a statutory or constitutional requirement that every bill have a title. Compare section 15 of article III of the New York Constitution, applicable only to private or local bills.