■ LARRY ALKINBURGH, as Parent and Guardian of DALE ALKINBURGH, an Infant, Respondent, v CHARLES GLESSING, Doing Business as PALATINE NURSING HOME, et al., Appellants. [658 NYS2d 735] —Casey, J. Appeals (1) from an order of the Supreme Court (Best, J.), entered January 8, 1996 in Montgomery County, which, *inter alia,* granted plaintiff's motion to set aside the verdict, (2) from an order of said court, entered April 19, 1996 in Montgomery County, which granted plaintiff's motion to recover preverdict interest on unpaid medical bills, and (3) from a judgment of said court, entered May 2, 1996 in Montgomery County, upon a verdict rendered in favor of plaintiff.

This action was commenced to recover damages for injuries sustained on April 24, 1990 by plaintiff's son, Dale (born in 1980), when, while attempting to cross a two-lane highway, he was hit by a pickup truck driven by defendant Richard G. Malone, II. Following trial, the jury returned a unanimous verdict finding Dale 80% at fault and Malone 20% at fault. In response to question No. 7, which asked for the "FULL MONETARY DAMAGES" that Dale had sustained, the jury awarded $25,000 for past pain and suffering, $650,000 for impairment of future earning ability, $225,000 for loss of future fringe benefits, $50,000 for future supervisory services and $300,000 for future pain and suffering. Upon polling, each juror affirmatively responded that the verdict, as reported, was his or her verdict.

Soon after the jury was discharged, three jurors informed the court reporter and then plaintiff's counsel that, instead of putting the full amount of damages on the verdict sheet, as the instructions for question No. 7 indicated, the jury had calculated the net amount due Dale, having taken into account

the percentage of liability which it had assigned to him. Upon notifying Supreme Court, all six jurors were reassembled and, during the subsequent polling of the jury, the foreperson explained, and each juror acknowledged, the mistake. The jury then completed a second verdict sheet which was identical to the first except that each amount awarded to Dale was five times greater than the amount originally recorded on the first verdict sheet. Defendants' counsel objected to this entire procedure. Supreme Court subsequently granted plaintiff's postverdict motion to set aside the first verdict and replace it with the second verdict. Final judgment was thereafter entered and defendants now appeal.

We initially agree with defendants that Supreme Court lacked the authority to reassemble the jury and allow it to render a new verdict. Juries may not be permitted "to declare * * * an intent different from that actually expressed by the verdict" (*Dalrymple v Williams*, 63 NY 361, 363) nor otherwise be allowed to impeach their own verdicts (*see, Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 460). Although juror statements may be considered to correct mistakes that have been characterized as clerical or ministerial in nature (*see, Dalrymple v Williams, supra*, at 364; *McStocker v Kolment*, 160 AD2d 980, 981; *Pache v Boehm*, 60 AD2d 867, 868), this Court has specifically held that "a misunderstanding related to what monetary amount is referenced by 'total damages' on the jury verdict" does not constitute such an error (*Walden v Otis El. Co.*, 178 AD2d 878, 880, *lv denied* 79 NY2d 758; *see, Grant v Endy*, 167 AD2d 807, 808). "To permit the plaintiff to attack the verdict under these circumstances would be an improper intrusion into the deliberative process of the jury itself" (*Labov v City of New York*, 154 AD2d 348, 349; *see, McStocker v Kolment, supra*, at 981; *Russo v Rifkin*, 113 AD2d 570, 574-575). The first verdict is therefore reinstated.

Plaintiff also sought to set aside the first verdict due to jury confusion. The special verdict sheet and the charge to the jury, to which plaintiff registered no objection (*see, Grant v Endy, supra*, at 808), were not so unclear and confusing as to warrant a new trial on this ground (*see, Laylon v Shaver*, 187 AD2d 983, 985; *Walden v Otis El. Co., supra*, at 880; *cf., McStocker v Kolment, supra*, at 981). We do find, however, that the first verdict should be set aside on the alternate ground that it is inadequate.

As a result of the accident, Dale was rendered unconscious and medical tests revealed a bifrontal hemorrhagic contusion which, according to medical testimony, caused permanent

brain injury. Although Dale has made a recovery, he has not returned to his preaccident level of functioning as the damage to his brain has impaired his executive function skills—abilities such as thinking, planning, organizing and computing. This impairment will become more prevalent in the higher grades where these abilities are relied on more and, therefore, it will become more difficult for him to function academically as time goes on. Expert testimony also indicated that, due to this type of brain injury, Dale will always have difficulty managing his own affairs. He will, therefore, remain dependent on someone to take care of his basic needs throughout his life.

In light of the evidence in the record relating to the extensive injuries sustained by Dale and the effect that his permanent brain injury has had and will continue to have on all aspects of his life, including his ability to complete his education, achieve employment and live independently, we find that the damages awarded for past pain and suffering, loss of future earning ability, loss of future fringe benefits, future supervisory services and future pain and suffering materially deviate from what would be reasonable compensation (*see*, CPLR 5501 [c]). As such, the verdict should be set aside and a new trial ordered on these damages only.

As a final matter, we find that Supreme Court erred in granting plaintiff's motion to recover preverdict interest on unpaid medical bills upon which Dale's rehabilitation facility had agreed to defer payment until after a settlement or award in this action. CPLR 5001 (a) specifically limits preverdict interest to actions relating to contract, property and equity. Supreme Court's attempt to distinguish plaintiff's cause of action for medical costs from a personal injury action is unavailing in these circumstances (*see*, *Mount Sinai Hosp. v Borg-Warner Corp.*, 527 F Supp 922, 925, n 10; *Gillespie v Great Atl. & Pac. Tea Co.*, 26 AD2d 953, *mod on other grounds* 21 NY2d 823).

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the orders and judgment are reversed, on the law and the facts, without costs, plaintiff's motion to recover preverdict interest on unpaid medical bills denied, plaintiff's motion to set aside that portion of the first verdict as awarded damages to Dale Alkinburgh as inadequate granted, and matter remitted to the Supreme Court for a new trial on the issue of said damages only.