**Frances SCHWIMMER,**
**Plaintiff–Appellee,**

**v.**

**ALLSTATE INSURANCE COMPANY,**
**Defendant–Appellant.**

**Docket No. 98–9138.**

United States Court of Appeals,
Second Circuit.

Argued April 9, 1999.

Decided June 2, 1999.

Evan H. Krinick, Rivkin, Radler & Kremer, Uniondale, New York, for Defendant–Appellant.

Michael D. Brookman, Brookman & Brookman, P.C., New York, New York, for Plaintiff–Appellee.

Before: WINTER, Chief Judge, NEWMAN, and SOTOMAYOR, Circuit Judges.

WINTER, Chief Judge:

Allstate Insurance Company appeals from Judge Leisure's judgment awarding Frances Schwimmer damages for past and future pain and suffering in the amount of $130,000 and prejudgment interest in the amount of $51,123. We vacate the grant of prejudgment interest but otherwise affirm.

## BACKGROUND

On April 27, 1994, a van backed into and ran over Schwimmer as she was crossing a one-way street in Manhattan. Schwimmer, with the approval of Allstate, her insurance company, subsequently settled with the van operator for his insurance-policy limit of $10,000.

To recover for her non-economic loss, including pain and suffering, Schwimmer, a New York citizen, commenced this action against Allstate, an Illinois corporation. Schwimmer was an insured under an Allstate insurance policy issued in Florida to her relatives, Max and Mildred Schwimmer. The policy provided for uninsured/underinsured coverage of $200,000 for one person injured in one accident. Under the insurance contract, Allstate agreed to pay damages for bodily injury, sickness, disease or death, "which the person insured is legally entitled to recover from the owner or operator of an uninsured auto." The term "uninsured auto" included "underinsured auto."

After trial, a jury awarded Schwimmer $100,000 for past pain and suffering and $100,000 for future pain and suffering. Based upon Schwimmer's comparative negligence (the jury found she was 35% at fault), her recovery was reduced to $130,-000. The court subsequently entered judgment awarding Schwimmer $130,000 as well as prejudgment interest in the amount of $51,123, calculated from the date of her accident. This appeal followed.

## DISCUSSION

Allstate challenges two of the district court's rulings. First, it claims that the court erred in awarding prejudgment interest. Second, it asserts that the court erred by failing to credit Allstate with a set-off for the $10,000 that Schwimmer had received from the van operator. We examine each contention in turn.

## A. Prejudgment Interest

■ The awarding of prejudgment interest is considered a question of substantive law. *See Marfia v. T.C. Ziraat Bankasi,* 147 F.3d 83, 90 (2d Cir.1998) (state law applies to calculation of prejudgment interest on supplemental state law claims). Federal courts exercising diversity jurisdiction must apply the choice of law rules of the forum state, here New York, to determine which state's substantive law applies. *See* 28 U.S.C. § 1652; *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Erie R.R. v. Tompkins,* 304 U.S. 64, 74–77, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Lazard Freres & Co. v. Protective Life Ins. Co.,* 108 F.3d 1531, 1538 (2d Cir.) *cert. denied,* —— U.S. ——, 118 S.Ct. 169, 139 L.Ed.2d 112 (1997).

■ According to Allstate, New York choice of law rules require that Florida's law on prejudgment interest be applied. New York's choice of law rules require that determination of contract disputes be governed generally by the laws of the state with the most significant contacts to the contract. *See In re Allstate Ins. Co. and Stolarz,* 81 N.Y.2d 219, 597 N.Y.S.2d 904, 613 N.E.2d 936, 939–40 (1993); *Lazard Freres,* 108 F.3d at 1539. When Schwimmer's relatives obtained the policy, they were residents of Florida, and that is where the policy was negotiated. While Schwimmer was an additional insured, she was not a party to the contract. Thus, Allstate may well have had a viable argument that under New York choice of law rules, Florida law controlled both the issue of liability and prejudgment interest. Allstate, however, waived this argument by consenting to the application of New York law to the determination of liability in this case. Under New York choice of law rules, the law of the jurisdiction that determines liability governs the award of prejudgment interest. *See Entron, Inc. v. Affiliated FM Insurance Co.,* 749 F.2d 127, 131 (2d Cir.1984) (noting that "under New York choice of law principles, the allowance of prejudgment interest is controlled by the law of [the state], whose law determined liability on the main claim.").

Allstate also waived its argument by failing to bring to the attention of the district court the potential applicability of Florida law to the issue of prejudgment interest. *See Doctor's Assocs., Inc. v. Hamilton,* 150 F.3d 157, 164 (2d Cir.1998) ("Without reaching the merits of [the defendant's] contention, we conclude that he has waived this argument. He failed to bring New Jersey law on unconscionability to the attention of the district court . . . ."), *cert. denied,* —— U.S. ——, 119 S.Ct. 867, 142 L.Ed.2d 769 (1999); *cf. Cargill, Inc. v. Charles Kowsky Resources, Inc.,* 949 F.2d 51, 55 (2d Cir.1991) ("[E]ven when the parties include a choice-of-law clause in their contract, their conduct during litigation may indicate assent to the application of another state's law.").

■ Under New York law, in personal injury cases, prejudgment interest is added from the "date of the liability determination." *Love v. State of New York,* 78 N.Y.2d 540, 542, 577 N.Y.S.2d 359, 583 N.E.2d 1296 (1991); *but see* N.Y. C.P.L.R. 5001(a) (McKinney 1992) (allowing prejudgment interest in contract cases). Because "[i]n personal injury actions, the damages are continuing and may even reach beyond the time of trial," no interest is recoverable prior to the verdict. *Gillespie v. Great Atl. & Pac. Tea Co.,* 44 Misc.2d 670, 255 N.Y.S.2d 10, 11 (1964) (citation and internal quotation marks omitted), *aff'd,* 26 A.D.2d 953, 276 N.Y.S.2d 372 (1966), *mod. on other grounds,* 21 N.Y.2d 823, 288 N.Y.S.2d 907, 235 N.E.2d 911 (1968). Parties cannot attempt to circumvent this bar on pre-verdict interest in personal injury actions by couching their complaints in the form of contract actions. *See id.* at 12; *see also Alkinburgh v. Glessing,* 240 A.D.2d 904, 658 N.Y.S.2d 735 (1997) (pre-verdict interest not recoverable in action to recover medical costs because action is at bottom one for personal injuries); *Hyatt v. Pepsi-*

Cola Albany Bottling Co., 32 A.D.2d 574, 298 N.Y.S.2d 1005, 1006–07 (1969) (per curiam) (interest recoverable only from date of verdict and not from date of injury in a breach of warranty action because claim was actually one for personal injuries); *Raman v. Carborundum Co.,* 31 A.D.2d 552, 295 N.Y.S.2d 534, 536 (1968) ("Although plaintiff's recovery was based upon the breach of an implied warranty of fitness for use, the action was to recover damages for personal injuries and, therefore, pre-verdict interest is not allowable."); *Gillespie,* 276 N.Y.S.2d at 372 ("pre-verdict interest is not allowable on a verdict for personal injuries, even though the complaint was couched in the form of an action for damages for breach of an implied warranty of fitness for use"); *McIntyre v. Manhattan Ford, Lincoln– Mercury, Inc.,* 176 Misc.2d 325, 672 N.Y.S.2d 230, 235–36 (1997) ("In determining whether to award pre-verdict interest, it is not the theory of the claim that controls. While a portion of plaintiff's award for pain and suffering was premised upon her claims of gender discrimination and unlawful retaliation, this action is clearly one to recover damages for emotional pain and suffering." (citations and internal quotation marks omitted)); *Loeb v. Teitelbaum,* 112 Misc.2d 1039, 448 N.Y.S.2d 391, 393 (1982) ("It is not the theory of the claim that controls but whether the claim was the result of a financial or property loss, liquidated or not, intentional or otherwise that determines the date of fixation of interest."). We have no reason to doubt that New York would apply the principle of its warranty cases to this insurance claim. Thus, when the action is essentially one for unliquidated damages, as here, no interest is recoverable for the time prior to verdict.

We therefore vacate the award of prejudgment interest.

### B.  The $10,000 Setoff

■ Allstate also contends that the court should have reduced the $130,000 jury award for past and future pain and suffering by $10,000 in order to account for the amount Schwimmer received in settlement from the van owner.  Schwimmer in turn argues that the jury understood that its award would be in addition to the $10,000 because her attorney explained in his summation, with the approval of the court and without objection from Allstate, that "[t]he verdict sheet will ask you, if you reach that point . . . to find money for Frances Schwimmer in addition to the $10,000 that she received from the van." However, the verdict sheet made no mention of the $10,000 settlement or its relation to the verdict to be rendered by the jury.  Nor did the court's instructions.  In Allstate's view, the verdict sheet and instructions, to which plaintiff did not object, indicated to the jury that it should make an award of full damages (from which $10,000 would be deducted in fashioning the judgment) and are controlling.

Allstate's argument is not without force. However, the record is more complicated than Allstate suggests.  In preparing the charge, the court told counsel: "it is important for the lawyers to know what the charge is going to be in advance of summations, the reason being, of course, the lawyers should never be put in a position where he says something inconsistent with the charge."  Counsel for Schwimmer subsequently stated that he was "concerned that when the jury—if the jury—awards money, that it not speculate in any fashion on what the underinsurance was or was not.  In this case, it just happens to have been $10,000, the minimum, and it is in your joint pretrial order, but who knows what they would speculate what Ms. Schwimmer already received, and they may want to deduct something for it." Counsel for Allstate stated that "it makes it a lot simpler if they just deal with what they see here, and the math comes out later."  Counsel for Schwimmer responded that "we have this undisputed fact she received it.  It is just a matter of how the court wants to tell the jury, don't regard it

and do this in addition or how do you handle it, how did they handle it." After hearing both parties' arguments, Judge Leisure decided that he would not include the settlement amount in his charge but stated that counsel for Schwimmer could in his summation note "the fact it is in evidence as an undisputed fact, [and] explain inferences that can be drawn." Schwimmer's attorney did not take exception to the charge but in summation made the remarks regarding the verdict sheet quoted above. Neither the judge nor counsel for Allstate made any note or objection to Schwimmer's summation.

Before dismissing the jury, Judge Leisure asked counsel if they wished to make any motions to the jury. Schwimmer's attorney responded in the negative, thereby failing to clarify whether the amount awarded was in addition to the $10,000 settlement. Allstate's attorney also failed to seek to clarify the issue of the prior settlement, instead moving to set aside the entire $130,000 award as excessive. The judge responded: "I'll talk to you about that [later]. Is there any motion with respect to the jury still being here?" Both parties answered in the negative.

Moreover, after the jury had been dismissed and after the court had concluded that the award was not excessive, counsel for Schwimmer stated: "Plaintiff will be entering judgment in this matter in the sum of $130,000, and since it is a contract action, with interest from April 27th, 1994." Upon hearing this, Allstate's attorney objected only to the award of prejudgment interest. At no point did he ask that $10,000 be set-off from the full $130,000 award. Allstate thus failed to correct what Schwimmer and the court obviously thought the verdict called for. While Schwimmer might have had the burden of objecting to the charge or asking for clarification given the ambiguities surrounding this issue, it was certainly Allstate's obligation to correct any perceived error when the amount of the judgment was discussed, an omission that deprived the district court of an opportunity to correct any misunderstanding or erroneous conclusion.

Under these circumstances, we affirm the district court's judgment of $130,000, while vacating the award of prejudgment interest. We remand to the district court to calculate and award only post-verdict interest.