18-1186-cv(L)
Am. Trucking & Transp. Ins. Co., RRG et al. v. Liberty Mutual Ins. Co. et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand nineteen.

PRESENT:  PIERRE N. LEVAL,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*,
          LEWIS A. KAPLAN,*
                    *District Judge.*
------------------------------------------------------------------

AMERICAN TRUCKING AND
TRANSPORTATION INSURANCE
COMPANY, RRG,

           *Plaintiff, Counter-Defendant,*          Nos. 18-1186-cv (L)
           *Appellant, Cross-Appellee,*                  18-1351-cv (XAP)

---

* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

WATKINS & SHEPARD TRUCKING, INC.,

*Plaintiff,*

v.

LIBERTY MUTUAL INSURANCE COMPANY,
VALLEY STREAM HOUSE OF CARPETS, INC.,

*Defendants, Counter-Claimants,*
*Appellees, Cross-Appellants,*

MOHAMED TURAY, KHADIJAH TURAY,

*Defendants.*

-------------------------------------------------------------

| FOR PLAINTIFF, COUNTER-DEFENDANT, APPELLANT, CROSS-APPELLEE: | JAMES ROBERT CALLAN (Jon Michael Dumont, *on the brief*), Salmon, Ricchezza, Singer & Turchi LLP, Philadelphia, PA |
|---|---|
| FOR DEFENDANTS, COUNTER-CLAIMANTS, APPELLEES, CROSS-APPELLANTS: | MARSHALL T. POTASHNER (Janet J. Lee, *on the brief*), Jaffe & Asher LLP, New York, NY |

Appeal from a judgment of the United States District Court for the Eastern District of New York (LaShann DeArcy Hall, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part

and REVERSED in part. The case is REMANDED with instructions to enter judgment for Liberty Mutual Insurance Company, with prejudgment interest calculated in accordance with Montana law.

American Trucking and Transportation Insurance Company, RRG ("ATTIC") appeals the judgment of the District Court (DeArcy Hall, J.) holding that an exclusion in the insurance policy it issued to Watkins & Shepard Trucking, Inc. could not be enforced under New York law and that the coverage provided under that policy to Valley Stream House of Carpets was primary coverage. Liberty Mutual Insurance Company and Valley cross-appeal the District Court's application of New York's prejudgment interest rate. We assume the parties' familiarity with the underlying facts, the record of prior proceedings, and the issues on appeal, to which we refer only as necessary to explain our decision to reverse in part and affirm in part.

The ATTIC policy's employee exclusion provision states, "[t]he trucking liability insurance provided by ATTIC, RRG to the Named Insured(s) does not apply to . . . any bodily injury to any employee of an insured arising out of and in the course of the employee's employment by an insured or while performing any

3

duties in furtherance of the business of <u>an insured</u>." Joint App'x 70 (emphasis added). The exclusion unambiguously applies to the coverage of the "Named Insured" and is triggered by injuries to employees of any insured. We see no basis for the District Court's conclusion that the provision is ambiguous and might be read as an exclusion from Valley's coverage. Nor does this interpretation of the policy contravene Montana public policy. <u>See</u> <u>Swank Enters., Inc. v. All Purpose Servs., Ltd.</u>, 154 P.3d 52, 56–57 (Mont. 2007) (interpreting an exclusion to reach only the named insured while allowing coverage to an additional insured).

Next, ATTIC claims that any coverage to Valley is excess coverage. The ATTIC policy states that "[i]f cargo moving equipment used by an insured during the loading or unloading process is not . . . under the control of the Named Insured(s) this coverage will apply <u>only in excess</u> of any other available coverage." Joint App'x 71. Applying the ordinary meaning of control, however, Turay "controlled" the hand truck that injured him because he exercised "restraining or directing influence" over it. <u>State v. Ruona</u>, 321 P.2d 615, 618 (Mont. 1958) (quotation marks omitted).

4

Third, ATTIC claims that it is entitled to disclaim coverage based on the failure of Valley and Peerless to give prompt notice to ATTIC. However, neither Valley nor Peerless was required to notify ATTIC of the existence of a claim. ATTIC's policy provides, "[i]n the event of an accident, claim, suit or loss, the Named Insured(s) must give ATTIC, RRG prompt notice." Joint App'x 72 (emphasis added). The ATTIC policy also provides, "[i]n the event of a claim or suit being made or served on any insured, the Named Insured(s) must . . . [i]mmediately deliver to ATTIC, RRG a copy of such claim or suit including any demand, request, notice, order, summons or other legal paper received by any insured." Id. at 73 (emphasis added). Thus, once again, the policy terms unambiguously impose the obligation to give notice to ATTIC on the Named Insured, and not on the other insureds.

Finally, Appellees/Cross-Appellants challenge the District Court's application of New York's prejudgment interest rate. Under New York choice-of-law principles, "[t]he awarding of prejudgment interest is considered a question of substantive law," and "[f]ederal courts exercising diversity jurisdiction must apply the choice of law rules of the forum state, here New

5

York, to determine which state's substantive law applies." Schwimmer v. Allstate Ins. Co., 176 F.3d 648, 650 (2d Cir. 1999). Here, the parties agree that Montana law governs the interpretation of the ATTIC policy, and "[u]nder New York choice of law rules, the law of the jurisdiction that determines liability governs the award of pre-judgment interest." Id. Because Montana law determined liability in this case, the District Court's application of New York's 9% prejudgment interest rate, see N.Y. C.P.L.R. § 5004, was in error.[1]

We have considered the parties' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and REVERSED in part. The case is REMANDED with instructions to enter judgment for Liberty Mutual Insurance Company, with prejudgment interest calculated in accordance with Montana law.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Although we remand to the District Court to calculate prejudgment interest, we note that the section of the Montana Code that Appellees/Cross-Appellants cite excludes "judgments" from its scope. MONT. CODE ANN. § 31-1-106; see § 25-9-205(1)(a).