(May 18, 1970)

■ ROSELLA BALLIN et al., Respondents, v. CRESCENT HOLDING Co., Appellant.— In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Nassau County, dated October 27, 1969, which denied its motion to vacate plaintiffs' notice to examine defendant before trial. Order reversed, on the law and the facts, without costs, and motion granted. Plaintiffs served a note of issue without a statement of readiness in November, 1968 and, in September, 1969 served the notice for the pretrial examination of defendant. Notwithstanding plaintiffs' attorney's claim of inadvertence for his failure to serve the notice of examination within the 60-day period following the service of the note of issue, provided by the rules of this court (22 NYCRR 675.9), defendant's motion to vacate plaintiffs' notice should have been granted. First, having failed to serve the notice for defendant's pretrial examination within the time provided by section 675.9, plaintiffs are deemed to have waived their right to such an examination. Second, plaintiffs' attorney's claim that the notice to examine defendant was not timely served because his secretary, contrary to his written direction, had failed to serve it, is not an "unusual and unanticipated condition" within the meaning of section 675.7 of our rules (*Black* v. *Fisher Bros.*, 27 A D 2d 836; *Jacobs* v. *Peress*, 23 A D 2d 483). Christ, P. J., Hopkins, Kleinfeld, Brennan and Benjamin, JJ., concur.

■ HELEN BARNHOUSE et al., Appellants, v. LADYCLIFFE COLLEGE et al., Respondents, et al., Defendants.— In a negligence action to recover damages for personal injuries and loss of services, etc., plaintiffs appeal, on the ground of inadequacy, from a judgment of the Supreme Court, Westchester County, entered April 24, 1969 upon a jury verdict in favor of plaintiff Helen Barnhouse in the amount of $10,000 and plaintiff Ray L. Barnhouse in the amount of $2,000 against the defendants Ladycliffe College and Rudolph W. Schnittert. Judgment reversed, on the law and on the facts, and new trial granted as against defendants Ladycliffe College and Rudolph W. Schnittert, solely on the issue of damages, with costs to abide the event, unless, within 30 days after entry of the order hereon, said defendants serve and file in the office of the clerk of the trial court a written stipulation consenting to increase the verdict against them in favor of plaintiff Helen Barnhouse to the sum of $20,000, to increase the verdict against them in favor of plaintiff Ray L. Barnhouse to the sum of $3,500. and to the entry of an amended judgment accordingly, in which event, the judgment, as so increased and amended, is affirmed, without costs. Plaintiff Helen Barnhouse's permanent injuries included degeneration of the disc between the fifth and sixth cervical vertebrae, radiculitis and post-concussion syndrome. She incurred protracted pain and partial disability and had to wear cervical collars, according to her activities, over an eight-year period. In our opinion, the awards to plaintiffs were inadequate to the extent indicated. Christ, P. J., Hopkins, Brennan and Benjamin, JJ., concur. (Beldock, P. J., deceased.)