■ BARRY L. PALMER et al., Respondents, v WRIGHT & KREMERS, INC., Appellant, et al., Defendants. (Appeal No. 1.)—Judgment insofar as it awards damages to plaintiff Barry Palmer unanimously reversed, on the facts, without costs and a new trial granted on the issue of damages only unless plaintiff, shall, within 10 days from the date of service of the order herein, stipulate to reduce the verdict to $120,000, in which event the judgment is modified accordingly, and, as modified, affirmed, without costs; and otherwise judgment affirmed. Memorandum: Defendant Wright & Kremers, Inc., the general contractor on a construction job for a pumping station, appeals from judgments entered on jury verdicts in a construction accident case in favor of plaintiff Barry L. Palmer ($160,000) and his wife Beverly A. Palmer ($10,000). Plaintiff Barry Palmer, a driver of a dump truck hauling material removed from an excavation, was injured when a crane fell allegedly due to improper excavating procedures including failure to use sheeting. The cross claim by Wright & Kremers against the excavating subcontractor Kimmins resulted in a "no cause for action" verdict by the jury and has been dismissed. Defendant contends that two erroneous evidentiary rulings require a reversal and a new trial on all issues. Although we find the court erred in the rulings, we hold that they would not have affected the result and do not warrant a new trial. First, the court precluded efforts by defense counsel to cross-examine the New York State Department of Labor construction safety inspector concerning a report he had allegedly made following the accident indicating that there was no violation or unsafe condition. The proof would have directly contradicted the

inspector's direct testimony, the effect of which was to show that unsafe conditions had existed which caused the accident. The evidence of liability, however, was overwhelming. Indeed, it is not urged that plaintiff Barry Palmer was contributorily negligent or that the verdict in his favor on the issue of liability was against the weight of the evidence. Under these circumstances, the error must be considered to have been harmless. The general rule is that "Errors in the admission * * * of evidence will be considered harmless if the reviewing court is satisfied that the result would have been the same even if the evidence had not been improperly admitted or excluded." (2A Weinstein-Korn-Miller, NY Civ Prac, par 2002.02; see *Hansell v Galvani*, 286 App Div 1019, mot for rearg & mot for lv to app den 286 App Div 1104, mot for lv to app den 309 NY 1035.) Further, the court improperly applied the parol evidence rule and prohibited questions by counsel for the defendant Wright & Kremers which would have shown an oral arrangement under which Kimmins, the excavating subcontractor, had agreed to bear the cost of any required sheeting. The basis for the court's ruling was an unsigned purchase order. There was no evidence that Kimmins had accepted the purchase order or assented to its terms as constituting the entire agreement between the parties. (See Richardson, Evidence, [10th ed], §§ 601, 614, 616; *Mesibov, Glinert & Levy v Cohen Bros. Mfg. Co.,* 245 NY 305, 313; *Penato v George,* 52 AD2d 939, 941, app dsmd 42 NY2d 908.) Inasmuch as the substance of the improperly excluded testimony came into evidence in other lines of questioning and in exhibits which were admitted, the error was harmless (2A Weinstein-Korn-Miller, NY Civ Prac, par 2002.02). We find, however, that the size of the verdict in favor of plaintiff Barry Palmer was excessive. The accident occurred on February 20, 1975. Plaintiff who sustained a disc herniation, was hospitalized and given traction from March 3, 1975 to March 19, 1975. He was again hospitalized on June 15, 1975 for 11 days when he underwent surgery. With his physician's approval, he returned to work as a dump-truck driver on October 20, 1975. While plaintiff's injury is permanent and there is some residual discomfort, some limitation of his former activities, and a greater susceptibility to back injury in the future, plaintiff is able to do his usual job and to put in overtime hours. Under these circumstances, the verdict of $160,000 is clearly "so grossly * * * excessive as to be unconscionable." *(Watson v Archer,* 46 AD2d 997; see *Senko v Fonda,* 53 AD2d 638; *Bonder v Berman,* 43 AD2d 653; *Mastropolo v John Lowry, Inc.,* 36 AD2d 817; *Barnhouse v Ladycliffe Coll.,* 34 AD2d 803.) Accordingly, the judgment in favor of Barry Palmer should be reversed and a new trial granted on the issue of damages only, unless he stipulates to reduce the verdict to $120,000. Plaintiff Barry Palmer has not appealed from the trial court's ruling denying his request that the judgment in his favor be increased by the amounts representing his "basic economic loss." Accordingly, we have not addressed the question. (Appeal from judgment of Niagara Supreme Court—negligence.) Present—Cardamone, J. P., Dillon, Hancock, Jr., Denman and Witmer, JJ.