■ CARMELO LUPPINO, an Infant, by His Parent and Natural Guardian, FRANK LUPPINO, et at., Appellants, v JOHN S.

BUSHER, JR., et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Dickinson, J.), entered July 3, 1984, as amended September 24, 1984, which, upon a jury verdict, is in favor of the plaintiffs in the principal sum of $9,000. The appeal brings up for review the plaintiffs' motion to vacate the jury's verdict, or, in the alternative, for a new trial.

Judgment, as amended, reversed, on the law, and new trial granted on the issue of damages only, with costs.

This action was brought to recover damages resulting from an automobile accident in which Carmelo Luppino, the infant plaintiff, was struck by the defendant Busher's car on August 27, 1979. At the close of the trial the court submitted a special verdict sheet to the jury. The jury returned a 5-to-1 verdict for the plaintiffs. It assigned 70% of the fault in the happening of the accident to the infant plaintiff and 30% of the fault to the defendant Busher. In answer to question three on the verdict sheet, "state the total amount of damages you award to Plaintiff for his injury and conscious pain and suffering", the jury awarded $30,000. The trial court reduced the $30,000 verdict pursuant to the jury's finding that the defendant Busher was 30% at fault and arrived at a sum of $9,000. The court rejected the contention that the jury had intended to award the net sum of $30,000 after having apportioned liability between the parties, and despite requests by the plaintiffs' counsel, refused to poll the jury on that point. Immediately after the jury was dismissed, two jurors indicated to the court that they had misunderstood the verdict, that each of the five jurors who found for the plaintiffs "thought that $30,000 would be awarded".

Based upon the foregoing information, the plaintiffs made a motion to vacate the jury's verdict and enter a judgment in favor of the plaintiffs in the principal sum of $30,000, or, in the alternative, for a new trial. Included in the plaintiffs' papers were the affidavits of the five jurors who found for the plaintiffs in which they swore that they intended that the plaintiffs receive a net award of $30,000. The trial court denied the motion.

We reverse and grant a new trial on the issue of damages only.

Initially, we note that although the plaintiffs submitted affidavits of five jurors, we did not consider those supporting affidavits in our decision (see, Russo v Jess R. Rifkin, D.D.S., P. C., 113 AD2d 570).

PJI 2:36 (Supp) sets forth the proper jury charge on comparative negligence and the apportionment of damages. The charge contains three steps which the jury must follow in order to apportion liability and calculate the net verdict after apportionment. In the instant case, the trial court, in its charge, omitted the third step, by failing to instruct the jury to reduce the amount of damages by the percentage of fault attributable to the infant plaintiff. Instead, the court only instructed the jury to determine the percentage of each party's culpability. Aside from reading the verdict sheet to the jury, the court did not give any further instructions regarding the reduction of damages by the percentage of fault attributable to the infant plaintiff. It is apparent that question three in the special verdict sheet was unclear and confusing, thereby creating an issue as to the precise amount the jury intended to finally award the plaintiffs.

The plaintiffs' counsel twice requested the trial court to poll the jury as to whether they understood that the net verdict to the plaintiffs would be only $9,000. The court refused each time. It is well established that the parties have an absolute right to have the jury polled, and the refusal to do so was error *(see, Muth v J & T Metal Prods. Co.,* 74 AD2d 898, *lv dismissed* 51 NY2d 745; *Dore v Wyer,* 1 AD2d 973). Moreover, the trial court has the duty "to see to it that the work of the jury is culminated by a true report of their intentions and decisions" *(Goines v Pennsylvania R. R. Co.,* 208 Misc 103, 111, *revd on other grounds* 3 AD2d 307). In this case, the trail court refused to exercise its authority. Accordingly, a new trial is granted on the issue of damages only. Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.