■ WILFREDO SOTO, Appellant-Respondent, et al., Plaintiff, v CITY OF NEW YORK, Respondent-Appellant, et al., Defendants. —In an action to recover damages for personal injuries, etc., the plaintiff Wilfredo Soto appeals, as limited by his brief, on the ground of inadequacy, and the defendant City of New York cross-appeals, from so much of a judgment of the Supreme Court, Kings County (Bellard, J.), dated April 3, 1986, as is in favor of the plaintiff Wilfredo Soto in the amount of $269,400 and against the City of New York, upon a jury verdict, inter alia, apportioning the fault of the plaintiff Wilfredo Soto and the defendant City of New York at 70% and 30%, respectively.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff Wilfredo Soto is an epileptic. This condition was diagnosed in the early 1970's, and, as a result, medication was prescribed for him. The plaintiff Wilfredo Soto began receiving benefits from the New York City Department of Social Services in 1973. In 1979, he was assigned to participate in the Public Works Program, an agency operated in conjunc-

tion with the Department of Social Services. Mr. Soto was directed to work with the New York City Department of Transportation at its Flatbush Avenue Yard at 2900 Flatbush Avenue. Participants in the program worked 21 hours every 15 days and their job consisted of cleaning major roadways of debris. The workers would be transported to particular job-sites in a school bus operated by the New York City Department of Transportation.

On the morning of May 21, 1979, the plaintiff Wilfredo Soto reported to the Flatbush Avenue Yard without having taken his medication. He boarded the bus which headed for a jobsite on the Prospect Expressway via the Belt Parkway. En route, Mr. Soto suddenly left his seat and staggered towards the front of the bus. He stood at the front of the bus and kicked at the front door 2 or 3 times. The folding doors opened and he jumped or fell out of the bus. Mr. Soto struck a light pole on the shoulder of the roadway. He sustained a fractured spine and was rendered a paraplegic.

Mr. Soto asserts that the trial court erred with respect to its instructions to the jury on comparative fault. Specifically, the trial court directed the jury that its responsibility was to determine the "percentage of negligence attributable" to the plaintiff and to the defendant and then to "state the total amount awarded to plaintiff". The court then admonished the jury: "do not consider the amount in relation to the percentages. That is my duty. Understand that now. You come to the amount which you find from the evidence in the case, if you so find what the total amount is and disregard the percentages. Understand that, please". With this instruction, the jury was properly directed to apportion the parties' respective degrees of fault and determine an amount which would reflect the plaintiff's total damages. Then, according to the charge, the court reduced the total amount of damages awarded by the jury by 70%, the measure of Mr. Soto's culpable conduct. Therefore, the charge, in its entirety, was proper on the issue of comparative fault (cf., Luppino v Busher, 119 AD2d 554; PJI 2:36.1 [Supp]).

We further find that Mr. Soto's remaining contentions are without merit.

Finally, we find that the City of New York is not entitled to dismissal of Mr. Soto's cause of action. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.