■ WILLIE M. MOORE, Respondent, v JOHN BOHLSEN ASSOCIATES, INCORPORATED, et al., Appellants.—Order Supreme Court, New York County (Alfred Ascione, J.), entered May 8, 1986, which granted plaintiff's motion to set aside the verdict and directed a new trial on all issues, unanimously modified, on the law and facts, to the extent of remanding for a new trial on the issue of total damages only, and otherwise affirmed, without costs.

Our examination of the record reveals that the special verdict sheet was, on its face, "unclear and confusing so as to create an issue as [to the] precise amount the jury intended to finally award the plaintiff". *(Wingate v Long Is. R. R.,* 92 AD2d 797, 798.)

While we do not disturb the apportionment of fault, which neither party places in issue, we hold that the confusing and ambiguous wording of the verdict sheet serves to confirm the trial court's conclusion that the jurors experienced substantial confusion in reaching their verdict. A new trial solely on the issue of total damages, to which the present apportionment shall be applied, is, therefore, in order. *(See, Pache v Boehm,* 60 AD2d 867.)* Concur—Sandler, J. P., Ross, Asch, Kassal and Ellerin, JJ.