■ SOLOMON LABOV, Appellant-Respondent, v CITY OF NEW YORK et al., Respondents-Appellants.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Spodek, J.), entered June 13, 1988, which, upon a jury verdict finding the defendants 25% at fault in the happening of the accident and the plaintiff 75% at fault in the happening of the accident and finding that the plaintiff's damages amounted to $100,000, is in his favor and against the defendants in the principal sum of $25,000, and the defendants cross-appeal from the same judgment.

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that upon the appeal by the plaintiff, the judgment is affirmed, without costs or disbursements.

Following the trial, the jury returned a 5-to-1 verdict finding (1) that the plaintiff was 75% at fault and the defendant City of New York was 25% at fault in the automobile collision which gave rise to this action, and (2) that the total amount of damages sustained by the plaintiff was $100,000. Upon exiting the courthouse, two jurors approached the Trial Judge and indicated to him that when they rendered their verdict they believed that the plaintiff would receive the full $100,000. The other four jurors denied any such misunderstanding. The plaintiff thereafter moved to set aside the damages portion of the verdict on the ground that the jury did not intend the verdict that it rendered. The motion was supported by the affidavit of 1 of the 2 allegedly confused jurors. Contrary to the plaintiff's contention on appeal, the trial court's denial of the motion was proper.

Inasmuch as the alleged error is not a ministerial one in reporting the verdict, an affidavit from a juror may not be considered *(see, Wylder v Viccari,* 138 AD2d 482; *Russo v Jesse R. Rifkin, D.D.S., P. C.,* 113 AD2d 570). Furthermore, the record before us fails to establish the existence of substantial juror confusion occasioned by the court's instructions so as to warrant a new trial *(see, Pache v Boehm,* 60 AD2d 867). The court's main and supplemental charge as well as the special verdict sheet, to which the plaintiff registered no objection, clearly and properly conveyed to the jury that it was to determine the total amount of damages sustained by the

plaintiff undiminished by any percentage of fault *(cf., Scaduto v Suarez,* 150 AD2d 545; *Luppino v Busher,* 119 AD2d 554; *Wingate v Long Is. R. R.,* 92 AD2d 797). Moreover, the jurors were polled and confirmed their verdict. To permit the plaintiff to attack the verdict under these circumstances would be an improper intrusion into the deliberative process of the jury itself *(see, Russo v Jesse R. Rifkin, D.D.S., P. C., supra).*

In light of the evidence of the plaintiff's injuries presented at trial we disagree with the plaintiff's contention that the jury's finding that his total damages amounted to $100,000 was so inadequate as to shock the court's conscience. Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.