■ ELIZABETH McSTOCKER, Individually and as Administratrix of the Estate of GEORGE M. McSTOCKER, Deceased, Respondent, v DENNIS KOLMENT, Appellant, et al., Defendant.— In an action to recover damages for personal injuries and wrongful death, the defendant Dennis Kolment appeals from an order of the Supreme Court, Suffolk County (Copertino, J.), dated August 29, 1988, which denied his motion to vacate the "upward modification" by the court of the amount of damages awarded by the jury to the plaintiff for loss of support from the principal sum of $50,000 to the principal sum of $200,000.

Ordered that the order is reversed, on the law and in the interest of justice, and the motion is granted to the extent that a new trial is granted on the issues of damages for loss of support and funeral expenses only, with costs to abide the event of the new trial with respect to damages.

The plaintiff's decedent was a pedestrian who was struck by a motor vehicle owned and operated by the defendant Dennis Kolment. Following a full trial, the jury returned a verdict finding that (1) the decedent was 75% at fault in the happening of the accident and the defendant Dennis Kolment was 25% at fault in the happening of the accident; (2) the defendant Ghetto Kids, Inc., doing business as Boardy Barn, was not negligent, and (3) the total amount of damages sustained by the plaintiff was $50,000 for loss of support and $2,120 for the cost of the funeral.

After the jurors were discharged, the attorneys for all three parties spoke to them regarding their verdict and learned that the jurors intended for the plaintiff to receive the full $50,000

and not a lesser amount which would be apportioned by the court in accordance with their verdict. The Trial Judge, after having been made aware of this, reconvened the jurors and questioned them regarding their verdict. It having been conclusively established that all five jurors who reached the verdict intended that the plaintiff receive $50,000, the Trial Judge granted the plaintiff's oral motion to conform the verdict to the jury's original intent and amended the verdict sheet to reflect a $200,000 award for loss of support. The defendant then moved to vacate the Trial Judge's modification and reinstate the original verdict. The Trial Judge denied his motion. We reverse and direct a new trial limited to the issue of damages for which monetary consideration was awarded.

The verdict sheet was, on its face, unclear and confusing, and thus, created an issue as to the precise amount the jury intended to award the plaintiff (see, Moore v Bohlsen Assocs., 141 AD2d 468). Moreover, it appears from the record before us that the parties failed to request, and the Trial Judge did not provide, an instruction to the effect that after apportioning fault, the jury was to disregard the apportionment and determine the full amount of damages, thereby leaving it to the Trial Judge to determine the respondent's share.

Inasmuch as the error by the jury was not clerical or ministerial in nature, the statements or affidavits of the jurors may not be considered or utilized to correct the verdict (Scaduto v Suarez, 150 AD2d 545; Labov v City of New York, 154 AD2d 348). However, it is firmly established that where substantial juror confusion in fixing damages exists, the appropriate remedy is to grant a new trial on that issue (see, Scaduto v Suarez, supra; Wingate v Long Is. R. R., 92 AD2d 797). "Errors in reporting may be corrected as a clerical mistake and where there are inherent defects, confusion or ambiguity in the verdict, a new trial should be directed in the interest of justice" (Wingate v Long Is. R. R., supra, at 798). Since the thought process of the jurors must be examined in order to determine their true intent, the error herein is not ministerial in nature.

Accordingly, a new trial on the issue of damages for which monetary consideration was awarded is warranted (see, Scaduto v Suarez, supra). Since the jury did not award damages for pain and suffering or loss of services, their verdict in this respect was uneffected by any ambiguity or confusion, and therefore, a new trial is not warranted on those issues. Thompson, J. P., Brown, Kunzeman and Harwood, JJ., concur.