■ SANDRA L. GRANT et al., Respondents, v DIANE L. ENDY, Appellant.—Mercure, J. Appeal from an order of the Supreme Court (Cobb, J.), entered October 4, 1989 in Greene County, which, *inter alia,* granted plaintiffs' motion to set aside a verdict in favor of defendant with respect to the amount of damages, and granted a new trial on that issue.

Following trial, the jury returned a unanimous verdict finding that plaintiff Sandra L. Grant (hereinafter plaintiff) was 40% at fault and defendant 60% at fault in the automobile collision which gave rise to this action. In response to question No. 6 on the special verdict sheet, directing the jury to "[s]tate the total amount of damages awarded to the plaintiff", the jury stated $50,000. Plaintiff requested that the jury be polled and Supreme Court asked, "Did you deduct anything for the percentage of negligence on the part of [plaintiff] or is that the total amount?" The jury replied, "The total amount." All jurors indicated that they agreed with the verdict. Thereafter, Supreme Court again asked the jury, if "the total amount of damages without deduction for anything is $50,000". Again, the jurors answered affirmatively. On the record, the parties agreed that, following deductions for failure to wear a seat belt and plaintiff's comparative negligence, plaintiff was entitled to a judgment of $25,000.

Upon exiting the courthouse, three jurors approached plaintiffs' attorney, claimed that there was a misunderstanding, and indicated to him that when they rendered their verdict, they believed that plaintiff would get the full $50,000, minus $5,000 for failure to wear a seat belt. Eventually, plaintiffs' attorney took depositions wherein five of the jurors expressed this misunderstanding. These five deposition transcripts, four of which were executed, were submitted in support of plaintiffs' motion to set aside the verdict. The sixth juror denied any such misunderstanding. Supreme Court granted the motion, set aside the verdict with respect to the amount of damages and directed a new trial on that issue. This appeal by defendant followed.

We begin by recognizing the principle that if "verdicts solemnly made and publicly returned into court can be attacked and set aside on the testimony of those who took part in their publication * * * all verdicts could be, and many

would be, followed by an inquiry in the hope of discovering something which might invalidate the finding" *(McDonald v Pless,* 238 US 264, 267). It is, therefore, well established that absent exceptional circumstances, juror affidavits may not be used to attack a jury verdict *(see, supra,* at 267-268; *Kaufman v Lilly & Co.,* 65 NY2d 449, 460; *People v De Lucia,* 20 NY2d 275; *Russo v Jess R. Rifkin, D.D.S., P. C.,* 113 AD2d 570, 574).

Because the alleged error here is not a ministerial one in reporting the verdict *(see, Labov v City of New York,* 154 AD2d 348; *cf., Rose v Thau,* 45 AD2d 182), and the jurors are not unanimous in their challenge *(see, Wylder v Viccari,* 138 AD2d 482, 484), juror affidavits may not be considered. Moreover, the trial record does not demonstrate the existence of substantial juror confusion occasioned by Supreme Court's instructions so as to warrant a new trial *(see, Labov v City of New York, supra; Wylder v Viccari, supra).* Supreme Court's charge and the special verdict sheet properly conveyed to the jury that it was to determine the total amount of damages sustained by plaintiff, undiminished by any percentage of fault *(see,* PJI 2:36 [Supp]; *Labov v City of New York, supra; cf., Scaduto v Suarez,* 150 AD2d 545; *Luppino v Busher,* 119 AD2d 554; *Wingate v Long Is. R. R.,* 95 AD2d 671). Nor did plaintiff preserve these issues for our review by registering an exception to Supreme Court's charge with respect to the issue of comparative negligence or to the special verdict sheet *(see,* CPLR 4110-b; *Caprara v Chrysler Corp.,* 71 AD2d 515, 523-524, *affd* 52 NY2d 114). Finally, the jury was polled and the jurors twice confirmed their verdict. Thus, Supreme Court's determination that the jurors were confused appears to have been based principally upon matters outside the record. In these circumstances, Supreme Court abused its discretion in setting aside the jury's verdict and directing a new trial on the issue of damages.

Order reversed, on the law, without costs, motion denied and the verdict is reinstated. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.