■ CARL WALDEN, Respondent-Appellant, v OTIS ELEVATOR COMPANY, Appellant-Respondent, et al., Defendant. (And a Third-Party Action.)—Harvey, J. Cross appeals from a judgment of the Supreme Court (Ellison, J.), entered November 30, 1990 in Tompkins County, upon a verdict rendered in favor of plaintiff against defendant Otis Elevator Company.

This action stems from allegations from plaintiff that he sustained severe injuries to his back on September 8, 1982 as a result of a malfunction of an elevator in the Veterinarian Research Tower at Cornell University. According to plaintiff, he entered the elevator in question on the sixth floor; from there the elevator fell and came to a sudden stop, rose a distance, and then fell and came to a second sudden stop. It then rose and eventually went to the basement in a normal fashion. During the time this occurred, plaintiff stated that he did nothing to cause the malfunction and merely waited calmly in the elevator until it came to a stop. He admitted that he did not try to press the emergency stop button. Once the elevator finally stopped, plaintiff testified that he immediately felt pain in his legs and back. Consequently, plaintiff commenced this action against defendant Otis Elevator Company (hereinafter defendant) claiming negligent care and maintenance of the elevator. Another defendant was also named in the suit but all claims against that defendant were ultimately dismissed at trial, as were all third-party claims. At trial, plaintiff's expert testified that the accident was caused by the misalignment of the elevator's interlock rollers, which resulted from poor maintenance.

At the close of evidence, the jury returned a verdict of $331,000 "total damages", and apportioned liability 46% to defendant and 54% to plaintiff. Both parties unsuccessfully moved to set aside the verdict as against the weight of the evidence. Plaintiff's posttrial motion to settle the judgment by amending and correcting the verdict was also denied. These cross appeals then ensued.

Initially, defendant contends that Supreme Court erred in denying its motion to dismiss at the close of plaintiff's case. Dismissal of a plaintiff's cause of action by means of a CPLR 4401 motion following the presentation of the plaintiff's case

is proper only where, giving the plaintiff the benefit of every favorable inference, there is no rational basis on which a jury could reasonably find for the plaintiff *(Rhabb v New York City Hous. Auth.,* 41 NY2d 200, 202; *Legal Aid Socy. v Economic Opportunity Commn.,* 132 AD2d 113, 114-115). Upon review of the evidence, we find that Supreme Court correctly denied defendant's motion.

In our view, plaintiff's testimony concerning his own actions and the erratic behavior of the elevator, combined with the evidence provided by his expert to the effect that the control mechanisms in the elevator were in defendant's sole control, provided sufficient proof to allow the case to go to the jury under the doctrine of res ipsa loquitur. This doctrine is applicable when the plaintiff has established that the event does not ordinarily occur without negligence, that the agent or instrument that caused the accident was within the exclusive control of the defendant and that the plaintiff did not cause the accident *(see, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226-227; *Ladd v Hudson Val. Ambulance Serv.,* 142 AD2d 17, 20). Significantly, res ipsa loquitur has been applied in many elevator accident cases *(see, e.g., Williams v Swissotel N. Y.,* 152 AD2d 457; *Burgess v Otis Elevator Co.,* 114 AD2d 784, *affd* 69 NY2d 623; *Weeden v Armor Elevator Co.,* 97 AD2d 197; *Smith v Jay Apts.,* 33 AD2d 624, *lv denied* 26 NY2d 609). Moreover, the doctrine of res ipsa loquitur aside, circumstantial evidence such as proof of the lack of due care as shown by prior accidents and maintenance requests can be sufficient to permit a case to go to the jury *(see, Rogers v Dorchester Assocs.,* 32 NY2d 553, 559; *see also, Sirigiano v Otis Elevator Co.,* 118 AD2d 920, 920-921, *lv denied* 68 NY2d 604). Along these lines we note that plaintiff in this case offered competent evidence of many previous incidents regarding the elevator in question.

Next, we disagree with defendant that Supreme Court should have granted its motion for judgment notwithstanding the verdict. It is well settled that " '[a] verdict may be successfully challenged as against the weight of the evidence only when the evidence preponderates so greatly in the movant's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence' " *(Fieldy v Weimer,* 169 AD2d 961, 962, quoting *Frasier v McIlduff,* 161 AD2d 856, 858). Although defendant points to proof submitted by it that arguably would have justified a jury verdict in its favor, the fact remains that the evidence did not preponderate

so greatly in defendant's favor that the jury's actual verdict was rendered irrational.

Finally, we find no merit to defendant's claim that Supreme Court made several reversible evidentiary rulings at trial. We also reject plaintiff's contention that Supreme Court erred in denying his motion to resettle the verdict because the motion was accompanied by affidavits from all six jurors stating that they intended for plaintiff to receive a net award of $331,000 as opposed to a gross award for that amount to be diminished by the 54% fault attributed to plaintiff. We note that plaintiff failed to object to Supreme Court's jury instruction and the jury verdict sheet. Accordingly, this issue was not preserved for our review (see, Grant v Endy, 167 AD2d 807, 808). In any event, even if the issue was preserved we would not rule in plaintiff's favor since it has generally been held that a misunderstanding related to what monetary amount is referenced by "total damages" on the jury verdict is not a ministerial error for which jury affidavits may be considered (see, supra; McStocker v Kolment, 160 AD2d 980, 981; Labov v City of New York, 154 AD2d 348). Moreover, there was no other evidence of jury confusion that would convince us to disturb the sanctity of a jury verdict and order a new trial (see, McStocker v Kolment, supra).

Mahoney, P.J., Casey, Weiss and Levine, JJ., concur. Ordered that the judgment is affirmed, without costs.