■ Roberta Hoffman et al., Appellants, v Domenico Bus Service, Inc., Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal, on the ground of inadequacy, from a judgment of the Supreme Court, Queens County (Smith, J.), entered March 16, 1990, which, upon a jury verdict, is in favor of them and against the defendant in the principal sum of only $61,125.

Ordered that the judgment is reversed, as a matter of discretion, without costs or disbursements, and a new trial is ordered on the issue of damages only.

The record of the damages phase of this bifurcated trial reveals that during its charge to the jury, the Supreme Court reminded the jurors of their previous verdict on the issue of liability, but failed to instruct them to disregard the liability verdict in calculating the amount of damages to be awarded to the plaintiffs (see, PJI 2:36.1 [Supp]; *McStocker v Kolment,* 160 AD2d 980; *Scaduto v Suarez,* 150 AD2d 545; cf., *Labov v City of New York,* 154 AD2d 348; *Soto v City of New York,* 139 AD2d 551). The jury thereafter rendered a verdict awarding total damages of $122,300 to the plaintiffs, and the trial court reduced this figure by the percentage of fault attributable to the injured plaintiff. We now reverse and order a new trial on the issue of damages only.

While the error in the court's charge has not been preserved for appellate review by a request to charge or by valid objections of the plaintiffs' counsel, we find that under the circumstances of this case, this error created an issue as to whether the judgment accurately reflects the amount of damages which the jurors intended the plaintiffs to receive. Accordingly, a new trial limited to the issue of damages only is appropriate (see, e.g., *McStocker v Kolment, supra; Scaduto v Suarez, supra; Luppino v Busher,* 119 AD2d 554).

We further note that the plaintiffs' counsel has procured posttrial affidavits from five of the jurors in this case and has submitted them on this appeal in further support of the plaintiffs' position. However, the use of such affidavits for the purpose of exploring the deliberative processes of the jury and impeaching its verdict is patently improper (see, *Kaufman v Lilly & Co.,* 65 NY2d 449; *Grant v Endy,* 167 AD2d 807; *Russo v Jess R. Rifkin, D.D.S., P.C.,* 113 AD2d 570); hence, we have not considered this matter outside the record in reaching our determination (see, e.g., *McStocker v Kolment, supra; Scaduto v Suarez, supra; Wylder v Viccari,* 138 AD2d 482). Sullivan, J. P., Harwood, Ritter and Copertino, JJ., concur.