■ CHRISTINE FLANAGAN et al., Respondents-Appellants, v SOUTHSIDE HOSPITAL, Appellant-Respondent, et al., Defendant. [674 NYS2d 723] —In an action to recover damages for medical malpractice, etc., (1) the defendant Southside Hospital appeals from a judgment of the Supreme Court, Suffolk County (Seidell, J.), dated June 11, 1997, which, upon a jury verdict finding the plaintiff Christine Flanagan 85% at fault in the happening of an incident and the defendant Southside Hospital 15% at fault and upon granting an application by the plaintiff Christine Flanagan for an upward modification of the amount of total

damages for past and future pain and suffering from the principal sum of $135,000 to the principal sum of $925,000, is in favor of the plaintiff Christine Flanagan and against it in the principal sum of $135,000, and (2) the plaintiffs cross-appeal from so much of the same judgment as found the plaintiff Christine Flanagan 85% at fault for the happening of the incident and is in her favor in the principal sum of only $135,000.

Ordered that the cross appeal of the plaintiff Richard Flanagan is dismissed, as he is not aggrieved by the portion of the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the judgment is modified, on the law and in the interest of justice, by deleting the provision thereof which awarded the plaintiff Christine Flanagan damages in the principal sum of $135,000, and substituting therefor a provision severing the plaintiff Christine Flanagan's causes of action to recover damages for past and future pain and suffering, and granting a new trial with respect thereto; as so modified, the judgment is otherwise affirmed insofar as appealed from by the defendant Southside Hospital and cross-appealed from by the plaintiff Christine Flanagan, with costs to abide the event.

At the conclusion of a full trial, the jury apportioned fault at 15% against the defendant Southside Hospital, and 85% against the injured plaintiff Christine Flanagan. The jury then awarded the injured plaintiff a total of $135,000 in damages for past and future pain and suffering. Shortly after the jury was discharged, the plaintiffs' attorney advised the trial court that the jurors had actually intended the injured plaintiff to receive the full $135,000 award, and not a lesser amount which would be apportioned by the court in accordance with their liability verdict. After reconvening the jury and questioning them, the trial court determined that they had misunderstood its instructions and verdict sheet, and had in fact intended the injured plaintiff to receive the full $135,000 sum. The trial court upwardly modified the amount of damages awarded by the jury to $925,000 to conform with the jury's stated intent.

Since the jury's error in awarding damages was not clerical or ministerial in nature, the trial court erred in modifying the verdict based upon the jurors' statements (*see, McStocker v Kolment,* 160 AD2d 980; *Labov v City of New York,* 154 AD2d 348). However, it is appropriate to grant a new trial on the issue of damages where, as here, the verdict sheet submitted to the jury was unclear and confusing, and the jury was not instructed to disregard the apportionment of liability and determine the full amount of damages (*see, Hoffman v Do-*

*menico Bus Serv.,* 183 AD2d 807; *McStocker v Kolment, supra; Scaduto v Suarez,* 150 AD2d 545).

We find no merit to the injured plaintiff's claim that the apportionment of fault was against the weight of the evidence, since the jury could have reached its verdict on a fair interpretation of the evidence presented *(see,* CPLR 4404; *Nicastro v Park,* 113 AD2d 129).

The parties' remaining contentions are without merit, or need not be addressed in light of our determination that a new trial on the issue of the damages sustained by the plaintiff Christine Flanagan is warranted. O'Brien, J. P., Thompson, Krausman and Goldstein, JJ., concur.