■ MICHAEL LOPEZ et al., Appellants, v KENMORE-TONAWANDA SCHOOL DISTRICT, Respondent. [713 NYS2d 607] —Order unanimously affirmed without costs. Memorandum: Plaintiffs appeal from an order entered after a second jury trial on damages. Supreme Court previously had granted plaintiffs' motion for partial summary judgment on liability, and the verdict in the first trial was set aside based on juror misconduct. At the second trial, the jury awarded plaintiffs damages of approximately $1.5 million based on injuries sustained by Michael Lopez (plaintiff) while working as a roofer on a building owned by defendant. Plaintiff fell backwards off a roof in August 1993, sustaining a burst fracture of the vertebrae at L-2. He underwent two surgeries: one to fuse the vertebrae and to install metal rods along the spine, and the other, in

May 1994, to remove the rods, which had shifted and were protruding. Also as a result of the accident, plaintiff suffered from chronic major depression and posttraumatic stress disorder and required psychiatric treatment. Plaintiff was determined by his physician to be totally disabled from work and had not worked from the time of the accident to the time of the trial, which was held in May 1999. Plaintiff was prescribed several medications, including narcotic pain medication and an anti-depressant.

The jury awarded plaintiff damages of $50,644 for past medical expenses, the amount to which the parties stipulated; $200,000 for future medical expenses, for a period of 25 years; $114,389 for past lost earnings; $150,000 for future lost earnings, for a period of five years; $240,000 for past pain and suffering; and $650,000 for future pain and suffering, for a period of 37 years. The jury awarded plaintiff Elizabeth Lopez $12,484 for past damages and $100,000 for future damages on her derivative cause of action.

Contrary to plaintiffs' contention, the verdict is not against the weight of the evidence. We conclude that the evidence did not so preponderate in favor of plaintiffs that the verdict could not have been reached on any fair interpretation of the evidence (see, Lolik v Big V Supermarkets, 86 NY2d 744, 746). The jury's award of damages was based upon a fair interpretation of conflicting evidence (see generally, Nicastro v Park, 113 AD2d 129, 134-135). Further, we reject plaintiffs' contention that the award of damages is inadequate; the award does not deviate materially "from what would be reasonable compensation" (CPLR 5501 [c]; cf., Inya v Ide Hyundai, 209 AD2d 1015).

We further conclude that the court did not abuse its discretion in denying plaintiffs' motion to preclude the testimony of defendant's vocational rehabilitation expert. Plaintiffs sought preclusion based on defendant's late disclosure of the jobs that the expert believes plaintiff capable of performing. The testimony of the expert was substantially the same as his testimony at the first trial, there was no evidence of intentional or willful nondisclosure and plaintiffs did not demonstrate any prejudice (see, Peck v Tired Iron Transp., 209 AD2d 979). In fact, plaintiffs in rebuttal presented the testimony of the three potential employers of plaintiff who were interviewed by the expert. Each potential employer testified that the testimony of defendant's expert concerning the qualifications needed for the respective positions was inaccurate, and none would hire plaintiff based on his physical limitations and the medication he was required to take.

Contrary to plaintiffs' further contention, the testimony of defendant's vocational rehabilitation expert was not speculative; it was consistent with the testimony of other witnesses for defendant that plaintiff was capable of performing certain types of work. Although plaintiffs' expert testified that plaintiff was not capable of working in any capacity, it was for the jury to determine which expert to credit when considering whether plaintiff was capable of returning to the work force (*see, Adamy v Ziriakus,* 231 AD2d 80, 86, *affd* 92 NY2d 396). In addition, we decline to disturb the court's discretionary ruling to permit defendant's expert to testify briefly about his disabilities and those of his wife and employee by way of background with respect to his work in the area of vocational rehabilitation (*see generally, Bodensteiner v Vannais,* 167 AD2d 954). Plaintiffs' remaining contentions with respect to defendant's expert are without merit.

The court properly limited plaintiffs' cross-examination of the physical therapist who evaluated plaintiff (*see generally,* Prince, Richardson on Evidence § 6-301 [Farrell 11th ed]). Plaintiffs attempted to cross-examine the witness without first laying a proper foundation concerning her knowledge of medical reports that plaintiff's spine was fused.

The court did not abuse its discretion in permitting defendant to read into evidence the testimony of a witness at the first trial (*see,* CPLR 4517). At the time of the second trial, the company that had employed plaintiff was no longer in business and the witness, plaintiff's former supervisor, was not within defendant's control and was residing in Florida. Defendant was not required to show what efforts it made to secure the attendance of the witness where, as here, an adequate foundation was laid for his absence, neither the subject matter nor the parties had changed since the first trial and plaintiffs had an adequate opportunity to cross-examine the witness at the first trial (*see, City of Buffalo v Clement Co.,* 45 AD2d 620, 623, *lv denied* 35 NY2d 645, *appeal dismissed* 36 NY2d 713).

We reject plaintiffs' contention that the jury was confused with respect to its verdict and that the polling of the jury was prematurely concluded. When the court asked "is this verdict in all respects your verdict?", each juror replied in the affirmative. There is no indication that there was "substantial confusion among the jurors" to warrant a new trial (*Trotter v Johnson,* 210 AD2d 946, 947).

Finally, the court properly denied plaintiffs' posttrial motion to set aside the verdict on the ground that the jury was affected by improper outside influences. Plaintiffs presented the

affidavit of a juror stating that the jury had speculated that plaintiff would receive worker's compensation benefits and Social Security disability benefits, thereby causing the jury to award lesser damages than it otherwise would have awarded. The juror further stated that another juror had expressed concern that her school taxes would be affected by the verdict. In the absence of exceptional circumstances in this case, the juror's affidavit submitted by plaintiffs may not be used to attack the jury verdict (*see, Grant v Endy,* 167 AD2d 807, 807-808). (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Damages.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Balio, JJ.