HOLLY A. PHELINGER et al., Appellants, v EDWARD M. KRAWCZYK, Respondent. (Appeal No. 1.) [829 NYS2d 784]—

Appeal from a judgment of the Supreme Court, Erie County (Frederick J. Marshall, J., for Diane Y. Devlin, J.), entered January 31, 2006 in a personal injury action. The judgment, upon a jury verdict, awarded plaintiff Holly A. Phelinger damages in the amount of $25,000 against defendant.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Holly A. Phelinger (plaintiff) in a motor vehicle accident. The jury rendered a verdict finding that defendant was negligent and awarding plaintiff damages in the amount of $25,000 for past pain and suffering, but awarding plaintiff no damages for, inter alia, future medical expenses and future pain and suffering. Plaintiffs moved to set aside the verdict on "future medical expenses and future pain and suffering as improper and against the weight of the credible evidence." We conclude that Supreme Court properly denied the motion.

In moving to set aside the verdict, plaintiffs impermissibly relied in part on an affidavit from a juror attempting to impeach the verdict. "In the absence of exceptional circumstances" not present in this case (*Lopez v Kenmore-Tonawanda School Dist.*,

275 AD2d 894, 897 [2000]), "a juror is not permitted to impeach his [or her] own verdict" (*Alford v Sventek*, 53 NY2d 743, 744 [1981]). Contrary to plaintiffs' contention, the verdict failing to award damages for future medical expenses and future pain and suffering is not against the weight of the evidence (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). At trial plaintiffs presented expert testimony that plaintiff's lumbosacral injuries were proximately caused by the accident. Defendant, however, presented expert testimony that those injuries resulted primarily from preexisting degenerative changes in plaintiff's spine. In addition, plaintiff's physical therapist testified that, although the injuries to plaintiff's neck and upper back were proximately caused by the accident, those injuries were resolved within a few months after the accident. The jury's finding that plaintiff sustained a significant limitation of use of a body function or system but not a permanent consequential limitation of use of a body organ or member is thus supported by a fair interpretation of the evidence (*see generally id.*).

Contrary to plaintiffs' final contention, there is no evidence that the verdict was the result of an impermissible compromise (*see Czerniejewski v Stewart-Glapat Corp.*, 269 AD2d 772 [2000]; *cf. Ciatto v Lieberman*, 1 AD3d 553, 557 [2003]; *Rivera v City of New York*, 253 AD2d 597, 600 [1998]). Present—Scudder, P.J., Martoche, Smith, Peradotto and Pine, JJ.