■ LAURA L. CAMPOPIANO et al., Respondents, v PAUL J. VOLCKO, Appellant. (Appeal No. 1.) [876 NYS2d 916]—Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered September 18, 2007 in a personal injury action. The order, among other things, granted in part plaintiffs' motion to set aside the jury verdict.

Appeal and cross appeal from a judgment of the Supreme Court, Monroe County (William P. Polito, J.), entered July 11, 2008 in a personal injury action. The judgment awarded plaintiff Laura L. Campopiano money damages upon a jury verdict.

It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Laura L. Campopiano (plaintiff) when the vehicle she was driving collided with a vehicle driven by defendant. Defendant conceded that the accident resulted from his negligence, and a jury trial was held on the is-

sues of serious injury and damages. The jury found that plaintiff sustained a serious injury only under the 90/180 category rather than under all three categories of serious injury alleged by plaintiffs and awarded damages only for past loss of earnings in the amount of $4,500. Supreme Court (Polito, J.) granted that part of plaintiffs' post-trial motion to set aside the verdict as against the weight of the evidence and for a new trial with respect to the jury's failure to find that plaintiff sustained a serious injury under the remaining two categories alleged and with respect to the amount of damages awarded for past loss of earnings as well as the failure to award any other categories of damages. Plaintiffs also sought to set aside the verdict based on juror misconduct, and Justice Polito granted defendant's cross motion seeking recusal of the court with respect to that part of plaintiffs' post-trial motion. That part of the post-trial motion subsequently was denied by Supreme Court (Rosenbaum, J.). Following a retrial, the jury found that plaintiff sustained a serious injury under one of the two remaining categories and awarded total damages in the amount of $545,000.

We note at the outset that, although plaintiffs appealed from the order denying that part of their post-trial motion to set aside the verdict in part on the ground of juror misconduct rather than from the judgment in which that order was subsumed (*see Doyle v City of Buffalo* [appeal No. 3], 56 AD3d 1134, 1135 [2008], *amended on rearg* 59 AD3d 1107 [2009]), we exercise our discretion to treat plaintiffs' notice of appeal as valid and deem the appeal as taken from the judgment (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988 [1988]; *see also* CPLR 5520 [c]). We agree with plaintiffs that the court (Rosenbaum, J.) erred in denying that part of their motion without conducting a hearing. Plaintiffs submitted evidence in support of the motion establishing that, following the first trial, a juror discussed her jury service with the court (Polito, J.) and stated that she enjoyed that service, "except for the last two hours when she had to obtain a light box so she could read [plaintiff's] MRIs to the jury due to her medical expertise as a respiratory therapist." In opposition to the motion, defendant submitted an affidavit from that juror in which she asserted that she requested a light box during deliberations but did not hold herself out as an expert or interpret the diagnostic films for the other jurors. We conclude that a hearing is required on the issue whether the juror improperly undertook the role of an expert juror who provided "personal specialized assessments not within the common ken of juror experience and knowledge . . . concerning a material issue in the case" (*People v Maragh*, 94 NY2d 569, 574 [2000]; *see People v Scerbo*, 59 AD3d 1066

[2009]). We therefore hold the case, reserve decision and remit the matter to Supreme Court (Rosenbaum, J.) for a hearing on that issue (*see generally People v Saxton*, 32 AD3d 1286, 1287 [2006]). Present—Centra, J.P., Peradotto, Carni, Green and Pine, JJ.