RANDALL K. BEST et al., Respondents, v SWAN GROUP LIMITED PARTNERSHIP et al., Appellants. [915 NYS2d 782]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered January 6, 2010 in a personal injury action. The order, among other things, set aside the jury's verdict on the issue of damages and ordered a new trial on that issue.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted plaintiffs' motion to set aside the verdict on damages and for a new trial (*see* CPLR 4404 [a]). The record establishes that the court failed to instruct the jury to disregard its apportionment of fault in calculating the amount of damages (*see* PJI 2:36.2). That error was so fundamental as to preclude a proper consideration of the issue of damages (*see Hoffman v Domenico Bus Serv.*, 183 AD2d 807 [1992]; *see generally Kelly v Tarnowski*, 213 AD2d 1054 [1995]). Consequently, the court properly determined that a new trial limited to the issue of damages is appropriate (*see Flanagan v Southside Hosp.*, 251 AD2d 447, 448-449 [1998]; *Hoffman*, 183 AD2d 807; *McStocker v Kolment*, 160 AD2d 980, 981 [1990]). Finally, we note that defendants are correct in contending that "the use of [juror] affidavits for the purpose of exploring the deliberative processes of the jury and impeaching its verdict is patently improper" (*Hoffman*, 183 AD2d at 808; *see Phelinger v Krawczyk*, 37 AD3d 1153 [2007]; *see generally Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 460 [1985]), and we therefore have not considered the juror affidavits contained in the record in reaching our determination. Present—Smith, J.P., Centra, Fahey and Green, JJ.