# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1483**
**CA 10-01300**
PRESENT: SMITH, J.P., CENTRA, FAHEY, AND GREEN, JJ.

---

RANDALL K. BEST AND CORINNE BEST,
PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

SWAN GROUP LIMITED PARTNERSHIP, SWAN
GROUP LIMITED PARTNERSHIP, DOING BUSINESS
AS ELLICOTT PARKING, AND ELLICOTT
DEVELOPMENT COMPANY, LLC,
DEFENDANTS-APPELLANTS.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (JEFFREY F. BAASE OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

--------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered January 6, 2010 in a personal injury action. The order, among other things, set aside the jury's verdict on the issue of damages and ordered a new trial on that issue.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted plaintiffs' motion to set aside the verdict on damages and for a new trial (*see* CPLR 4404 [a]). The record establishes that the court failed to instruct the jury to disregard its apportionment of fault in calculating the amount of damages (*see* PJI 2:36.2). That error was so fundamental as to preclude a proper consideration of the issue of damages (*see Hoffman v Domenico Bus Serv.*, 183 AD2d 807; *see generally Kelly v Tarnowski*, 213 AD2d 1054). Consequently, the court properly determined that a new trial limited to the issue of damages is appropriate (*see Flanagan v Southside Hosp.*, 251 AD2d 447, 448-449; *Hoffman*, 183 AD2d 807; *McStocker v Kolment*, 160 AD2d 980, 981). Finally, we note that defendants are correct in contending that "the use of [juror] affidavits for the purpose of exploring the deliberative processes of the jury and impeaching its verdict is patently improper" (*Hoffman*, 183 AD2d at 808; *see Phelinger v Krawczyk*, 37 AD3d 1153; *see generally Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 460), and we therefore have not considered the juror affidavits contained in the record in

reaching our determination.

Entered:  February 10, 2011

Patricia L. Morgan
Clerk of the Court