# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1077**
**CA 11-00326**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, GREEN, AND GORSKI, JJ.

---

MARY HERBST AND JEFFREY HERBST,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

MARK MARSHALL, DEFENDANT-APPELLANT-RESPONDENT,
AND KENNETH F. GOULDING, DEFENDANT.

---

HAGELIN KENT LLC, BUFFALO (VICTOR M. WRIGHT OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT.

PAUL WILLIAM BELTZ, P.C., BUFFALO (KEVIN J. GRAFF OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS-APPELLANTS.

-------------------------------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered May 18, 2010 in a personal injury action. The order granted the motion of plaintiffs to set aside the jury verdict and for a new trial.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Mary Herbst (plaintiff) when her vehicle was rear-ended by a vehicle that in turn had been rear-ended by a vehicle driven by Mark Marshall (defendant). Following a jury trial, Supreme Court granted plaintiffs' post-trial motion seeking, in the alternative, to set aside the verdict as against the weight of the evidence and for a new trial based on the jury's finding that the accident was not a substantial factor in causing an injury to plaintiff. We affirm. "A motion to set aside a jury verdict as against the weight of the evidence . . . should not be granted 'unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence' . . . That determination is addressed to the sound discretion of the trial court, but if the verdict is one that reasonable persons could have rendered after receiving conflicting evidence, the court should not substitute its judgment for that of the jury" (*Ruddock v Happell*, 307 AD2d 719, 720; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746).

Here, the first question on the verdict sheet was whether the accident was "a substantial factor in causing an injury to" plaintiff. The question was not whether plaintiff sustained a "serious" injury

(*see* Insurance Law § 5102 [d]); questioning concerning whether plaintiff sustained a serious injury appeared later in the verdict sheet.  While there was conflicting evidence presented at trial whether plaintiff sustained a "serious" injury, it was undisputed that she sustained "an" injury to her cervical spine (*see generally Browne v Pikula*, 256 AD2d 1139).  Indeed, defendant's experts both opined that plaintiff sustained a cervical strain as a result of the accident.  We therefore conclude that the evidence that the accident was a substantial factor in causing an injury to plaintiff so preponderates in favor of plaintiffs that the jury finding to the contrary could not have been reached on any fair interpretation of the evidence.

We agree with defendant, however, that the court erred to the extent it relied on a statement allegedly made by the jury foreperson in support of its decision to set aside the verdict.  "[A]bsent exceptional circumstances, juror affidavits may not be used to attack a jury verdict" (*Grant v Endy*, 167 AD2d 807, 808; *see Phelinger v Krawczyk*, 37 AD3d 1153, 1153-1154).  Here, there was in fact no affidavit submitted by the jury foreperson, and the statement in question upon which the court relied in part as the basis for its decision was brought to the court's attention by only hearsay statements of plaintiffs' attorney and investigator.  Moreover, there was no exception to the general rule that jurors may not impeach their own verdict, i.e., there was no ministerial error in reporting the verdict or evidence of substantial juror confusion (*see Porter v Milhorat*, 26 AD3d 424; *see also Grant*, 167 AD2d at 807-808).  Nevertheless, for the reasons stated above concerning whether plaintiff sustained an injury, we conclude that the court properly set aside the verdict as against the weight of the evidence.

We have considered the contentions of plaintiffs raised on their cross appeal and conclude that they are without merit.

Entered:  November 10, 2011                        Patricia L. Morgan
                                                   Clerk of the Court