# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1386**
**CA 10-01557**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

WENDY A. COOK, PLAINTIFF-APPELLANT,

                          V                          MEMORANDUM AND ORDER

OSWEGO COUNTY, DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.
(APPEAL NO. 1.)

---

LONGSTREET & BERRY, LLP, SYRACUSE (MARTHA L. BERRY OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

PETRONE & PETRONE, P.C., UTICA (DAVID BLOCK OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

        Appeal from a judgment of the Supreme Court, Oswego County
(Norman W. Seiter, Jr., J.), entered September 24, 2009 in a personal
injury action.  The judgment dismissed the complaint against defendant
Oswego County upon a verdict of no cause for action.

        It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

        Memorandum:  Plaintiff commenced this action seeking damages for
injuries she sustained when a vehicle driven by defendant Steven E.
Gleason, Sr. struck her while it was backing into a waste management
facility owned and operated by defendant Oswego County (County).
Following a trial, the jury returned a verdict of no cause for action.
On appeal, plaintiff contends that Supreme Court erred in denying her
motion to set aside the verdict as against the weight of the evidence,
for judgment determining that Gleason was negligent as a matter of law
and for a new trial pursuant to CPLR 4404 (a) on the remaining issues
or, in the alternative, a new trial on all issues.

        Contrary to plaintiff's contention, the verdict in favor of
Gleason is not against the weight of the evidence.  "A motion to set
aside a jury verdict of no cause [for] action should not be granted
unless the preponderance of the evidence in favor of the moving party
is so great that the verdict could not have been reached upon any fair
interpretation of the evidence" (*Dannick v County of Onondaga*, 191
AD2d 963, 964).  Here, the jury was entitled to credit Gleason's
testimony that he was backing up very slowly and using his mirrors
appropriately in order to see what was behind him.  The mere fact that
Gleason was backing up when he struck plaintiff and did not look over
his shoulder does not necessitate the conclusion that he was negligent

as a matter of law.  Rather, viewing the record as a whole, we conclude that "the verdict is one that reasonable persons could have rendered," and we will not substitute our judgment for that of the jury (*Ruddock v Happell*, 307 AD2d 719, 720).

We also reject plaintiff's contention that the court committed reversible error by allowing a State Trooper who investigated the incident to testify that plaintiff's version of events was inconsistent with his own investigation.  As plaintiff correctly contends, the State Trooper's investigation was based in part on hearsay statements of witnesses who did not testify at trial, and we thus conclude that the court properly ruled that the Trooper's conclusions from the report were inadmissible when Gleason attempted to offer them during his direct examination of the Trooper at trial (*see Conners v Duck's Cesspool Serv.*, 144 AD2d 329, 329-330).  The Trooper thereafter testified that he changed his report at plaintiff's request by adding an addendum to reflect plaintiff's version of the manner in which the accident occurred.  The Trooper was then allowed, over plaintiff's objection, to testify that plaintiff's version of events were not consistent with his own findings as to the manner in which the accident occurred.  Even assuming, arguendo, that the court erred in admitting that testimony of the Trooper, we conclude that the error "would not have affected the result" and that any such error therefore is harmless (*Palmer v Wright & Kremers*, 62 AD2d 1170, 1170).

Finally, we reject plaintiff's contention that the court erred in limiting her theories of liability against the County by instructing the jury that it could find the County liable only if the County failed to ensure, pursuant to its internal rules, that Gleason stopped at the transfer bay entrance and only if that failure proximately caused the accident.  Upon our review of the record, we conclude that the court's charge was consistent with the only viable theory of negligence asserted at trial against the County, and thus that the court did not limit plaintiff's theories of liability against the County.  Under the circumstances, the court's charge "appropriately conveyed the applicable legal principles and applied them to the facts adduced in view of the issues raised" at trial (*Espriel v New York Downtown Hosp.*, 298 AD2d 165, 166).

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court