# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

476

CA 12-01638

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

CAROL A. CARNEVALE, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ELIZABETH WENDE BREAST CARE, LLC, THE
ELIZABETH WENDE BREAST CLINIC, PATRICIA
SOMERVILLE, M.D. AND POSY SEIFERT, D.O.,
DEFENDANTS-RESPONDENTS.

---

FOLEY AND FOLEY, PALMYRA (MICHAEL STEINBERG OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

UNDERBERG & KESSLER LLP, CANANDAIGUA (MARGARET E. SOMERSET OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Wayne County (John B. Nesbitt, A.J.), entered December 22, 2011. The judgment awarded costs and disbursements to defendants following a jury verdict in favor of defendants.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for defendants' alleged medical malpractice in failing to make a timely diagnosis of her breast cancer. Following a trial the jury found that defendants were not negligent in their care and treatment of plaintiff, and Supreme Court denied plaintiff's posttrial motion to set aside the verdict. We note at the outset that, although plaintiff appealed from the order denying her posttrial motion to set aside the verdict rather than from the judgment in which that order was subsumed, "we exercise our discretion to treat plaintiff['s] notice of appeal as valid and deem the appeal as taken from the judgment" (*Campopiano v Volcko* [appeal No. 2], 61 AD3d 1343, 1344). Plaintiff contends that a juror affidavit establishes that certain jurors were biased against her and thus that she was denied a fair trial. We reject that contention. Here, "[i]n the absence of exceptional circumstances" (*Lopez v Kenmore-Tonawanda Sch. Dist.*, 275 AD3d 894, 897), " 'the use of [juror] affidavits for the purpose of exploring the deliberative process of the jury and impeaching its verdict is patently improper' " (*Best v Swan Group L.P.*, 81 AD3d 1344, 1344; *see Pawlaczyk v Jones*, 26 AD3d 822, 823, *lv denied* 7 NY3d 701).

Contrary to plaintiff's further contention, the court did not

commit reversible error by allowing plaintiff's treating physician to testify as to her opinion concerning the merits of plaintiff's action. We conclude that the error did not "affect[] the result" of this action and therefore is harmless (*Palmer v Wright & Kremers*, 62 AD2d 1170, 1170; *see Cook v Oswego County*, 90 AD3d 1674, 1675).

Entered: May 3, 2013                          Frances E. Cafarell
                                              Clerk of the Court